# EXHIBIT A

ALAN J. WATSON (SBN 177531)
ROBERT J. LABATE (SBN 313847)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896.2400
Facsimile: (213) 896.2450
Email: alan.watson@hklaw.com
        robert.labate@hklaw.com

Attorneys for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:17-bk-19548-NB |
| LAYFIELD & BARRETT, APC | Chapter 7 Case |
| Debtor. | **PETITIONING CREDITORS' EMERGENCY MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE UNDER 11 U.S.C. § 303(G) AND GRANTING EMERGENCY RELIEF** |
| | Date:  to be set |
| | Time: to be set |
| | Place: Roybal Federal Building |
| | Courtroom 1545 |
| | 255 E. Temple St. |
| | Los Angeles, CA 90012 |
| | *[filed concurrently with the Declaration of Nellie Q. Barnard; Declaration of Patricia D. Salcedo; and Declaration of Joseph Barrett]* |

**PETITIONING CREDITORS' EMERGENCY MOTION FOR
APPOINTMENT OF AN INTERIM TRUSTEE UNDER 11 U.S.C. § 303(G)
AND GRANTING EMERGENCY RELIEF**

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY COURT JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALLEGED DEBTOR AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE THAT The Dominguez Firm ("**TDF**"), Mario Lara ("**Mr. Lara**"), Nayazi Reyes, and Maria A. Rios (collectively "Petitioning Creditors") will and hereby do move for entry of an order on less than 48 hours notice pursuant to Local Bankruptcy Rule 9075-1 and 11 U.S.C. § 303(g) directing the United States trustee to appoint an Interim Trustee, under 11 U.S.C. § 701 to preserve property of the estate and to prevent loss to the estate of the Alleged Debtor, Layfield & Barrett, APC ("**Alleged Debtor**"). As set forth more fully in the Memorandum of Points and Authorities, appointment of an interim trustee on an emergency basis is necessary to ensure that the interests of all of Alleged Debtor's creditors, and in particular its clients, are fully protected and that the assets of Alleged Debtor are not further concealed and wasted.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Patricia D. Salcedo, Nellie Q. Barnard, Todd D. Wakefield, Joseph Barrett and Exhibits thereto, on all pleadings and papers on file in this matter, and on such further briefing as may be filed and any oral argument that may be made at the hearing on this motion.

The hearing is set for _____ on August ___, 2017 in Courtroom 1545 255 E. Temple St., Los Angeles, CA 90012. Alleged Debtor may bring its response, if any, to the hearing.

Dated:  August 3, 2017                HOLLAND & KNIGHT

/s/ Alan J. Watson
Alan J. Watson

ALAN J. WATSON
ROBERT J. LABATE
Holland & Knight LLP
Counsel for Petitioning Creditors

- ii -

**TABLE OF CONTENTS**

<u>Page</u>

Table of Authorities ........................................................................... iv

I. INTRODUCTION ............................................................................ 1

II. JURISDICTION AND VENUE ........................................................ 2

III. BACKGROUND ............................................................................. 2

    1.    Formation of Alleged Debtor ................................................... 2

    2.    Cessation of Alleged Debtor's Business Activities .................... 3

    3.    Funds Due to Clients and Creditors of Alleged Debtor ............. 4

    4.    Creation of Maximum Legal By Several of Alleged Debtor's Former Managers and Employees ........................................................ 5

    5.    Transfer, Encumbrance and Concealment of Alleged Debtor Assets ....... 6

IV. AN ORDER ON LESS THAN 48 HOURS NOTICE IS JUSTIFIED ............... 7

V. RELIEF REQUESTED ..................................................................... 7

VI. SUFFICIENT CAUSE EXISTS TO APPOINT AN INTERIM TRUSTEE ...... 8

VII. WAIVER OF THE FRBC 2001(b) BOND ....................................... 9

VIII. CONCLUSION ............................................................................ 10

1

## <u>TABLE OF AUTHORITIES</u>

2

3 **Page(s)**

4 **Cases**

5 *In re Pucci Shoes, Inc.,*
6    120 F.3d 38 (4th Cir. 1997) ............................................................................8

7 **Statutes**

8 11 U.S.C. §§ 105(a), 303(g) and 701 ...................................................................2

9 11 U.S.C. §§ 303(g) and 701 ...............................................................................8

10 11 U.S.C. § 303(g), Section 701(a)(1)..................................................................8

11 28 U.S.C. §§ 157 and 1334...................................................................................2

12 28 U.S.C §§ 1408 and 1409..................................................................................2

13 3, Exhibit B. In 2014, The Layfield Law ..............................................................3

14 Bankruptcy code Chapter 11 .................................................................................6

15 Code § 303(i)......................................................................................................10

16 **Other Authorities**

17 Federal Rule of Bankruptcy Procedure 2001(b)....................................................9

18 California Professional Conduct Rules Rule 4-100 ...............................................2

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Layfield & Barrett, APC (the "**Alleged Debtor**") is a recently-defunct personal injury law firm whose managing partner, Philip Layfield, ("**Mr. Layfield**") appears to have fled the county.[1]  Settlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases.  The Dominguez Firm ("**TDF**"), Mario Lara ("**Mr. Lara**"), Nayazi Reyes, and Maria A. Rios (collectively referred to as the "**Petitioning Creditors**") are creditors of the Alleged Debtor pursuant to these undistributed settlements.

The other named partner of the Alleged Debtor, Joseph Barrett, supports the involuntary chapter 7 petition filed on August 3, 2017 and supports the Petitioning Creditors' Motion to appoint an interim trustee as essential to protect and preserve property of the Alleged Debtor's estate and to prevent concealment, waste, loss or conversion of the assets of the estate by Mr. Layfield, who continues to control the Alleged Debtor's Interest On Lawyer Trust Account ("IOLTA").

At the time of its collapse in early June 2017, the Alleged Debtor was counsel of record in approximately 140 cases in active or pre-litigation. The Alleged Debtor failed to notify clients of its collapse and failed to inform clients regarding funds it received from settlement of cases. Settlement funds continue to accrue, but the Alleged Debtor has either refused to disburse those funds or lost them to Mr. Layfield's misappropriation. The Alleged Debtor is unable to comply with California rules governing the protection of client funds which, pursuant to Rule 4-100 of the Professional Conduct Rules of the State Bar of California, are required to be placed in an IOLTA. The Alleged Debtor's IOLTA is under the control of Mr. Layfield – the

---

[1] Philip Layfield was previously known as Philip Pesin and the California State Bar lists two attorneys with the same bar number 204836 – Philip James Layfield and Philip S. Pesin.

IOLTA's sole signatory – and Mr. Layfield transferred assets of the Alleged Debtor to a company which he controls.

In short, the Alleged Debtor cannot account for millions of dollars of funds belonging to clients. Immediate appointment of an interim trustee is essential to protect the Alleged Debtor's creditors, and to prevent irreparable waste, loss or conversion of the assets of the estate.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409 because Alleged Debtor is a California professional corporation with California Secretary of State File Number C3330712 and with principal place of business in the County of Los Angeles within the last 180 days. The statutory basis for the relief requested is 11 U.S.C. §§ 105(a), 303(g) and 701 and Rule 2001 of the Federal Rules of Bankruptcy Procedure.

## III.

## BACKGROUND

On August 3, 2017, Petitioning Creditors filed an involuntary petition ("**Involuntary Petition**") under chapter 7, title 11 of the United State Code (the "**Bankruptcy Code**") seeking an order for relief against Alleged Debtor [Docket No. 1] and subsequently filed this emergency Motion. The Petitioning Creditors served a copy of the Involuntary Petition via first class mail and overnight delivery on Alleged Debtor, care of California Corporate Agents, Inc., 16830 Ventura Boulevard, Suite 360, Encino, CA 91436, the Alleged Debtor's registered agent for service of process. See Declaration of Nellie Q. Barnard ("**Barnard Declaration**") ¶ 2, Exhibit A.

1.     Formation of Alleged Debtor

Alleged Debtor is a California law firm representing plaintiffs in personal injury cases. Declaration of Joseph Barrett ("**Barrett Declaration**") ¶ 4. Alleged Debtor was

1  originally organized in 2010 as "The Layfield Law Firm, APC." Barnard Declaration

2  ¶ 3, Exhibit B. In 2014, The Layfield Law Firm changed its name to "Layfield &

3  Wallace, APC". Barnard Declaration ¶ 4, Exhibit C.

4  In 2015, the firm again changed its name, this time to "Layfield & Barrett, APC."

5  Barnard Declaration ¶ 5, Exhibit D. On March 7, 2017, Alleged Debtor filed a

6  Statement of Information (Form SI-550) with the California Secretary of State noting

7  that its principal place of business was 9170 Irvine Center Drive, Irvine, CA 92618.

8  Barnard Declaration ¶ 6, Exhibit E.  On May 23, 2017, Alleged Debtor filed another

9  Statement of Information (Form SI-550) with the California Secretary of State noting

10  that its principal place of business changed to 2720 Homestead Road, Suite 210, Park

11  City, UT 84098 and that its principal California office was 633 West 5th Street, Suite

12  3300, Los Angeles, CA 90071.  Barnard Declaration ¶ 2, Exhibit A.

13  Philip Layfield is the CEO and secretary of Alleged Debtor. *Id*. Mr. Layfield

14  held sole signatory authority for Alleged Debtor's principal trust account. Barrett

15  Declaration ¶ 8; Declaration of Patricia D. Salcedo ("**Salcedo Declaration**") ¶ 2,

16  Exhibit A (hereafter referred to as "**Wakefield Declaration**") ¶ 7.[2]

17  2.    Cessation of Alleged Debtor's Business Activities

18  In early June 2017, Alleged Debtor ceased operations. Barrett Declaration ¶ 7.

19  Alleged Debtor's case management system was used by the Alleged Debtor and its

20  attorneys to organize and keep track of approximately 140 cases for individuals who

21  were clients of Alleged Debtor at the time it ceased operation. Wakefield Declaration

22  ¶ 12; Barrett Declaration ¶ 5. The case management systems tracked, among other

23  things, client costs and accounting information needed to discharge the attorney's legal

24  and ethical duties upon receipt of gross settlement proceeds on client matters.

---

25  [2]  The Wakefield Declaration was filed in the related case of *In re Maximum Legal*
26  *(California), LLP* filed in the U.S. Bankruptcy Court for the Central District of
California, Los Angeles Division as Case No: 2:17-bk-18433-NB, in support of
27  "Debtor's Ex Parte Motion for an Order Extending the Time to File Schedules of Assets
and Liabilities," Statement of Financial Affairs, and Related Documents, Doc. No. 19,
28  dated July 25, 2017.

1    Wakefield Declaration ¶ 12; Barrett Declaration ¶ 5.  Despite the cessation of

2    operations, Alleged Debtor is still counsel of record on a number of cases in California.

3    Barrett Declaration ¶ 6.

4        Since the Alleged Debtor ceased operations, neither it nor Mr. Layfield have

5    provided any information to former partners, referring lawyers or to clients regarding

6    the status of net settlement proceeds belonging to clients. Barrett Declaration ¶ 7.  The

7    Alleged Debtor's Los Angeles phone has been disconnected, and Alleged Debtor's

8    website, www.lawfieldbarrett.com, is no longer functioning. Salcedo Declaration ¶ 3.

9        3.    Funds Due to Clients and Creditors of Alleged Debtor

10       Settlement funds received by Alleged Debtor were deposited into Alleged

11   Debtor's IOLTA, which is controlled by Philip Layfield as the sole person with

12   signatory authority with respect to that account. Wakefield Declaration ¶ 7; Barrett

13   Declaration ¶ 8. Alleged Debtor has stopped disbursing net settlement proceeds

14   belonging to clients received by Alleged Debtor after settlement of cases. Wakefield

15   Declaration ¶ 6; Barrett Declaration ¶ 10.

16       Upon its collapse, Alleged Debtor took no steps to inform clients of the status of

17   their cases or to provide clients with information regarding distribution of their net

18   settlement proceeds in Alleged Debtor's client fund accounts. Barrett Declaration ¶

19   11.[3] The amount of client net settlement proceeds owing and not yet distributed to

20   Alleged Debtor's clients may total several million dollars. Wakefield Declaration ¶ 7.

21   At least two of Alleged Debtor's clients have filed bar complaints in the last four

22   months alleging that they did not receive settlement proceeds. Salcedo Declaration ¶

23   4.

24

25

26   [3] For instance, on July 26, 2017, Mr. Barrett, formerly a partner at Alleged Debtor now
     at Maximum Legal, appeared in *Jose Nunez et al v. U-Haul Co of California et al.*,
27   (BC562784), on behalf of Jose and Catalina Nunez at a hearing. Salcedo Declaration ¶
     7. Mr. Layfield checked into the hearing via telephone, but disconnected when
28   addressed by the judge. *Id*. Mr. Nunez informed the court that he had not been
     contacted by anyone at Alleged Debtor for over a month. *Id*.

For instance, Mr. Lara's case settled on March 10, 2016 for $750,000, and Alleged Debtor received and negotiated the settlement check. Salcedo Declaration ¶ 5. He received a cost sheet detailing the gross recovery, attorney fees, and costs and a letter purporting to enclose a check for $287,054.29; the cost sheet states that Mr. Lara's net recovery is $307,054.29. Salcedo Declaration ¶ 5, Exhibit B. Mr. Lara has not received a check for his net recovery. Salcedo Declaration ¶ 5. Nor has Mr. Lara received additional information or documentation of the costs detailed in the cost sheet despite repeated requests. Salcedo Declaration ¶ 5.

In addition, vendors and other creditors of Alleged Debtor have not been paid debts owed to them. Wakefield Declaration ¶ 7; Barrett Declaration ¶ 12; Salcedo Declaration ¶ 6.

4.    Creation of Maximum Legal By Several of Alleged Debtor's Former Managers and Employees

Maximum Legal (California), LLP ("**Maximum Legal**"), which was formed on or about May 10, 2017, is now associated with a number of cases previously handled by the Alleged Debtor. Wakefield Declaration ¶ 6; Barrett Declaration ¶¶ 1 & 16. A number of the Alleged Debtor's former attorneys, managers and employees are now employed by Maximum Legal, which is owned and operated by several former managers and employees of the Alleged Debtor, including Mr. Barrett and Mr. Wakefield. Wakefield Declaration ¶ 6, 9; Barrett Declaration ¶ 1.

The Alleged Debtor's case management system, Smart Advocate, is being used by Maximum Legal to obtain information for Maximum Legal's approximately 40 active litigation cases and another 40 cases in pre-litigation stage. Wakefield Declaration ¶¶ 4, 6; Barrett Declaration ¶ 5, 14. The Smart Advocate case management system was used by the Alleged Debtor and its attorneys to organize and keep track of approximately 140 cases for individuals who were clients of Alleged Debtor at the time it ceased to operate. Wakefield Declaration ¶ 12; Barrett Declaration ¶ 5.

1    Maximum Legal is now associated as counsel on cases previously handled by

2    the Alleged Debtor. Wakefield Declaration ¶ 6; Barrett Declaration ¶ 16. Maximum

3    Legal personnel are accessing Alleged Debtor's case management system and

4    "working to protect the interests of clients who otherwise would be abandoned and

5    unrepresented." Wakefield Declaration ¶ 12. Maximum Legal anticipates that certain

6    litigation recoveries will be received in the near future with respect to cases in which

7    it is associate counsel.  Wakefield Declaration ¶ 8; Barrett Declaration ¶ 16.

8        On July 12, 2017, former managers of Alleged Debtor filed a voluntary petition

9    for relief under Chapter 11 of the Bankruptcy code for Maximum Legal. Wakefield

10   Declaration ¶¶ 4, 6. Maximum Legal filed for bankruptcy because it was "under attack

11   from current and former clients" of Alleged Debtor "who have not received

12   disbursement of funds received by [Alleged Debtor] in settlements of their cases."

13   Wakefield Declaration ¶ 6.

14       5.    Transfer, Encumbrance and Concealment of Alleged Debtor Assets

15       In the last four months, Alleged Debtor appears to have taken steps to conceal

16   assets. On April 7, 2017, it appears that Alleged Debtor issued four quit claim deeds to

17   certain parcels of real property to Layfield V, LLC, an entity owned or controlled by

18   Philip Layfield and his wife.[4] Salcedo Declaration ¶ 8, Group Exhibit C. Layfield V,

19   LLC was registered in Utah on April 21, 2017 and appears to be owned and managed

20   by Philip Layfield and Christine Layfield. Barnard Declaration ¶ 7, Exhibit F.

21       Since March 2017, Alleged Debtor has entered into financing agreements and

22   granted liens on its assets to certain secured creditors. Salcedo Declaration ¶¶ 9-11,

23   Exhibits D, E, F.

24       Mr. Layfield recently moved to Costa Rica and had the servers for Alleged

25   Debtor sent to him there. Barrett Declaration ¶¶ 3, 17.

26

27

28   ---
[4] One of the quit claim deeds was for 2720 Homestead Road, Suite 210, Park City, UT 84098, the property listed as Alleged Debtor's principal place of business in its most recent Statement of Information.  *See* Barnard Declaration ¶ 6, Exhibit E.

There is not yet an order for relief in this case. An interim trustee is necessary to preserve property of Alleged Debtor's estate, prevent further loss to the Alleged Debtor's estate and its creditors, and to expeditiously clarify the status of Alleged Debtor's active cases to fully protect the interests of Alleged Debtor's clients.

**IV.**

**AN ORDER ON LESS THAN 48 HOURS NOTICE IS JUSTIFIED**

Based on the forgoing facts, Petitioning Creditors are justified in seeking an order from the court on this motion on less than 48 hours' notice. The CEO of Alleged Debtor and sole signatory on the IOLTA has fled the country and recently transferred significant assets to a company that he controls. Barnard Declaration ¶ 8. Settlement proceeds belonging to clients have not been disbursed and Mr. Layfield has refused repeated requests for disbursement. *Id.*

The collapse of Alleged Debtor has created massive confusion for its clients and may be jeopardizing their legal claims. At the time of its collapse, the Alleged Debtor was counsel of record in over 140 cases in active or pre-litigation. *Id.* Alleged Debtor has failed to notify clients of its collapse, the status of their funds, and the status of their cases. *Id.* Critical deadlines, including those that may bar future claims, may be approaching for these clients, and there is great uncertainty as to the status of these cases. *Id.* It is imperative that an interim trustee be named as soon as possible to adequately protect those clients' interests.

**V.**

**RELIEF REQUESTED**

By this Motion, the Petitioning Creditors seek the appointment of an interim trustee with all rights and duties under 11 U.S.C. §§ 303(g) and 701. Given the complicated and sensitive nature of this matter, Petitioning Creditors seek an interim trustee with experience in handling lawyer trust accounts and client funds, along with a solid understanding of legal ethics, who can quickly move to protect the interests of Alleged Debtor's clients.

# VI.

## SUFFICIENT CAUSE EXISTS TO APPOINT AN INTERIM TRUSTEE

The nature and purpose of bankruptcy is to protect the assets of the estate. But in an involuntary case, there is a "gap" period after the petition has been filed but before relief has been granted in which assets of the estate may be in jeopardy. *In re Pucci Shoes, Inc.*, 120 F.3d 38, 41 (4th Cir. 1997). Section 303(g) provides for the Court to appoint an interim trustee for the safekeeping of those assets:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor. Before an order for relief, the debtor may regain possession of property in the possession of a trustee ordered appointed under this subsection if the debtor files such bond as the court requires, conditioned on the debtor's accounting for and delivering to the trustee, if there is an order for relief in the case, such property, or the value, as of the date the debtor regains possession, of such property.

11 U.S.C. § 303(g).[5]

Petitioning Creditors seek the immediate appointment of an interim trustee to protect the assets of Alleged Debtor's estate for all creditors, prevent concealment, waste or loss of assets, and most importantly, to avoid irreparable harm to Alleged Debtor's clients. Because the status of Alleged Debtor's clients is unknown, and because they may not even be aware of recent events set out above, an interim trustee is necessary to sort through the confusion and uncertainty created by the collapse of the Alleged Debtor. For instance, there may be statutes of limitation or other case

---

[5] Section 701(a)(1) provides:

> "Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 or that is serving as trustee in the case immediately before the order for relief under this chapter to serve as interim trustee in the case."

deadlines nearing that, if overlooked, will irreparably harm clients. Moreover, additional settlement proceeds for current or former clients of the Alleged Debtor are forthcoming. Immediate intervention is necessary to protect those funds from the same fate as Mr. Lara and others and to secure those assets to pay existing debts.

Where there is no on-going business of the involuntary debtor, the negative impact on the debtor by the appointment of a trustee would be slight. Here, the Alleged Debtor does not appear to be in operation. Its Los Angeles phone has been disconnected, its website is inoperable, and its principal partner is no longer in the country. Salcedo Declaration ¶ 3; Barrett Declaration ¶ 3.

Because there is a pressing need to protect the legal interests and net settlement proceeds of Alleged Debtor's clients and prevent concealment, conversion or waste of assets, the equities weigh in favor of the appointment of an interim trustee.

## VII.

### WAIVER OF THE FRBC 2001(b) BOND

Federal Rule of Bankruptcy Procedure 2001(b) generally requires a bond from the petitioner in order to appoint an interim trustee: "An interim trustee may not be appointed under this rule unless the movant furnishes a bond in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney's fee, expenses, and damages allowable under § 303(i) of the Code." However, a bond is not necessary in this matter because Alleged Debtor has ceased operation, meaning there is no harm that can be done to the firm, and there is a clear emergency based on the unknown status of Alleged Debtor's clients' cases.

Alternatively, Petitioning Creditors request that the amount of any bond required by this Court be established after the appointment of an Interim Trustee.

//
//

# VIII.

## CONCLUSION

For all the reasons stated herein, the appointment of an interim trustee is necessary to protect the interests of the creditors, the most important of which are Alleged Debtor's clients. Movants respectfully requests that this Court: a) enter an order granting this motion; b) appoint an interim trustee with experience in lawyer trust accounting issues and legal ethics; and c) grant any other such relief as is just and equitable.

Dated: August 3, 2017                    HOLLAND & KNIGHT

/s/ Alan J. Watson
Alan J. Watson

ALAN J. WATSON
ROBERT J. LABATE
Holland & Knight LLP
Counsel for Petitioning Creditors

Case 2:20-cv-07658-SB Document 21-1 Filed 10/23/20 Page 16 of 67 Page ID #:144
Case 2:17-bk-19548-NB Doc 3 Filed 08/03/17 Entered 08/03/17 18:01:07 Desc
Declaration of Joseph Barrett    Page 1 of 4

ALAN J. WATSON (SBN 177531)
ROBERT J. LABATE (SBN 313847)
Holland & Knight, LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone (213) 896.2400;
Facsimile (213) 896.2450
Email:  alan.watson@hklaw.com;
robert.labate@hklaw.com

Attorneys for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) CASE NO. 2:17-bk-19548-NB |
| | ) |
| LAYFIELD & BARRETT, APC, | ) Chapter 7 Case |
| | ) |
| A California Professional Corporation, | ) **DECLARATION OF JOSEPH BARRETT IN SUPPORT OF PETITIONING CREDITORS' EMERGENCY MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE UNDER 11 U.S.C. § 303(g)  AND GRANTING EMERGENCY RELIEF** |
| Debtor. | ) |
| | ) |
| | ) |
| | ) Date: TO BE SET |
| | ) Time: TO BE SET |
| | ) Place: Courtroom 1545, 255 E. Temple |
| | ) |
| | ) |
| | ) |
| _____ | ) |

**DECLARATION OF JOSEPH BARRETT**

I, Joseph Barrett, hereby declare as follows:

1.      I am over 18 years of age.  I am a former minority shareholder of Layfield & Barrett, APC ("**Alleged Debtor**") and currently I am employed as a lawyer at  Maximum Legal (California), LLP ("**Maximum Legal**"), which was formed on or about May 10, 2017.  Except where specified otherwise, I have personal knowledge of the facts set forth below and, if called to testify as a witness, could and would competently testify thereto.

2.      I support the involuntary chapter 7 petition filed on July 31, 2017 and support the Petitioning Creditors' Motion to appoint an interim trustee as essential to protect and preserve property of the Alleged Debtor's estate and to prevent concealment, waste, loss or conversion of the assets of the estate by Philip Layfield ("**Layfield**") who continues to control the Alleged Debtor's accounts.

3.      Layfield told me repeatedly in June and July of 2017 that he had left the United States and moved to Costa Rica.

4.      Until it ceased employing any lawyers on or about June 1, 2017, Alleged Debtor was a law firm headquartered in California, representing plaintiffs in personal injury cases primarily in California, but also in Utah, Arizona, and elsewhere.

5.      Alleged Debtor's case management system, Smart Advocate, was used by the Alleged Debtor and its attorneys to organize and keep track of approximately 140 cases for individuals who were clients of Alleged Debtor at the time it ceased to perform any legal services for clients.

6.      Despite the cessation of performing legal services, Alleged Debtor is still counsel of record on a number of cases in California.

7.      To my knowledge, since the Alleged Debtor stopped performing legal services at the beginning of June 2017, neither the Alleged Debtor nor Layfield has provided any information to any of the Alleged Debtor's former lawyers, referring

Case 2:20-bk-07358-SB   Document 21-1   Filed 08/03/17   Entered 08/03/17 18:01:47   Desc
Case 2:17-bk-19548-NB   Document 21-1   Filed 08/03/17   Page 18 of 67   Page ID #:146
Declaration of Joseph Barrett    Page 3 of 4

1  lawyers, or clients regarding the status of net settlement proceeds belonging to
2  clients.

3       8.    Layfield told me that settlement funds received by Alleged Debtor for
4  the benefit of its clients were deposited in an IOLTA account controlled by Layfield.
5  He told me that he was the sole signatory on that account.  I am not aware of anyone
6  else ever having signatory authority over that account, including myself.  I am not
7  aware of any other accounts into which settlement funds obtained by Alleged Debtor
8  were deposited.

9       9.    In the months leading up to the Alleged Debtor's cessation of
10  performing legal services, multiple clients demanded their net settlement proceeds.

11       10.    Layfield has confirmed to me that Alleged Debtor has failed or refused
12  to distribute net settlement proceeds belonging to clients that were received by
13  Alleged Debtor after settlement of the clients' cases.

14       11.    Currently, only Layfield has access to client trust fund accounts. To my
15  knowledge, following Alleged Debtor's cessation of performing legal services,
16  Alleged Debtor took no steps to inform clients of the status of their cases or to
17  provide clients with information regarding distribution of their net settlement
18  proceeds held in Alleged Debtor's client trust fund accounts.

19       12.    Layfield has also confirmed to me that vendors and other creditors of
20  Alleged Debtor have also not been paid debts owed to them.

21       13.    The Alleged Debtor's case management system keeps track of all case
22  deadlines and hearings, names and contact information of the claimants, and details
23  regarding the cases.

24       14.    The Alleged Debtor's case management system is being accessed by
25  Maximum Legal to obtain information for approximately 40 active litigation cases
26  and another 40 cases in pre-litigation stages in which Maximum Legal represents the
27  plaintiff or plaintiffs.  Additionally, the case management system also contains
28  information on approximately 80 other cases in active litigation in which clients are

Case 2:20-mc-07159-SB Document 21-1 Filed 08/03/17 Page 19 of 67 Page ID #:147
Case 2:17-bk-19548-NB Doc 321 Filed 08/03/17 Entered 08/03/17 18:01:27 Desc
Declaration of Joseph Barrett    Page 4 of 4

1  effectively unrepresented at this time because Maximum Legal has not undertaken

2  representation in those cases, and Alleged Debtor is no longer performing legal

3  services.  Alleged Debtor is incapable of providing representation in those cases

4  because it is closed and does not have any attorneys, staff, or other resources.

5      15.   Maximum Legal personnel were accessing Alleged Debtor's case

6  management system and were using the case management system to protect the

7  interests of Alleged Debtor's clients who were abandoned when the Alleged Debtor

8  ceased to perform legal services.  Maximum Legal personnel rely on this case

9  management system to perform legal services for its clients and those of Alleged

10  Debtor.

11      16.   Maximum Legal is now associated with a number of cases previously

12  handled by the Alleged Debtor.  Maximum Legal anticipates that certain litigation

13  recoveries will be received in the near future with respect to cases in which it is

14  associate counsel.

15      17.   From Saturday, July 22 to Thursday, July 27, 2017, Maximum Legal's

16  access to Alleged Debtor's case management system was cut off.  I am informed that

17  it happened because Layfield requested the IT person for Alleged Debtor to move

18  the computer server on which the case management system was stored to Costa Rica,

19  where Layfield now supposedly lives.

20      I declare under penalty of perjury under the laws of the United States of

21  America that the foregoing is true and correct.

22      Executed this 1st day of August, 2017, in Irvine, California.

23

24

25                          _____

26                          JOSEPH BARRETT

27

28

Case 2:20-cv-07150-SB Document 24-1 Filed 10/23/20 Page 20 of 67 Page ID #:148
Case 2:17-bk-19548-NB Doc 3-2 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Declaration of Nellie Barnard Page 1 of 17

1  ALAN J. WATSON (SBN 177531)
   ROBERT J. LABATE (SBN 313847)
2  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 896.2400
4  Facsimile: (213) 896.2450
   Email: alan.watson@hklaw.com
5          robert.labate@hklaw.com

6  Attorneys for Petitioning Creditors

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 In re:                          ) Case No. 2:17-bk-19548-NB
                                    )
12 LAYFIELD & BARRETT, APC         ) Chapter 7 Case
                                    )
13        Debtor.                   ) **DECLARATION OF NELLIE Q.**
                                    ) **BARNARD IN SUPPORT OF**
14                                  ) **PETITIONING CREDITORS'**
                                    ) **EMERGENCY MOTION FOR**
15                                  ) **APPOINTMENT OF AN INTERIM**
                                    ) **TRUSTEE UNDER 11 U.S.C. §**
16                                  ) **303(2) AND GRANTING**
                                    ) **EMR'R.GENCY RELIEF**
17                                  )
                                    )
18                                  ) DATE: TO BE SET
                                    ) TIME: TO BE SET
19                                  ) PLACE: COURTROOM 1545, 255 E.
                                    ) TEMPLE
20                                  )
                                    )
21                                  )
                                    )
22                                  )
                                    )
23 ────────────────────────────────)

24

25

26

27

28 #53190488_v1
   ─────────────────────────────────────────────────────
      DECLARATION OF NELLIE Q. BARNARD IN SUPPORT OF PETITIONING
   CREDITORS' EMERGENCY MOTION FOR APPOINTMENT OF AN INTERIM
   TRUSTEE

Case 2:20-mc-07050-SB  Document 21-1  Filed 10/23/20  Page 21 of 67  Page ID #:149
Case 2:17-bk-19548-NB  Doc 32  Filed 08/03/17  Entered 08/03/17 18:01:17  Desc
Declaration of Nellie Barnard    Page 2 of 17

1   ALAN J. WATSON (SBN 177531)
    ROBERT J. LABATE (SBN 313847)
2   Holland & Knight, LLP
    400 South Hope Street, 8th Floor
3   Los Angeles, CA  90071
    Telephone (213) 896.2400;
4   Facsimile (213) 896.2450
    Email:  alan.watson@hklaw.com;
5   robert.labate@hklaw.com

6   Attorneys for Petitioning Creditors

7

8                    UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

10

11  In re:                          ) CASE NO.
                                    )
12  LAYFIELD & BARRETT, APC,        ) Chapter 7 Case
                                    )
13  A California Professional       ) **DECLARATION OF NELLIE Q.**
    Corporation,                    ) **BARNARD IN SUPPORT OF**
14                                  ) **PETITIONING CREDITORS'**
                    Debtor.         ) **EMERGENCY MOTION FOR**
15                                  ) **APPOINTMENT OF AN INTERIM**
                                    ) **TRUSTEE UNDER 11 U.S.C. §**
16                                  ) **303(g) AND GRANTING**
                                    ) **EMERGENCY RELIEF**
17                                  )
                                    )
18                                  )
                                    ) Date: To be set
19                                  ) Time: To be set
                                    ) Place: Courtroom 1545, 255 E. Temple
20  _____   )

21

22              <u>**DECLARATION OF NELLIE Q. BARNARD**</u>

23       I, Nellie Q. Barnard, hereby declare as follows:

24       1.    I am over 18 years of age.  I am an attorney at Holland & Knight, which

25  represents Petitioning Creditors.  I have personal knowledge of the matters asserted

26  below.

27       2.    On July 27, 2017, I downloaded the Statement of Information (Form

28  SI-550) from the California Secretary of State's website which was filed by Alleged

                                    1
                    DECLARATION OF NELLIE Q. BARNARD

Case 2:20-mk-07050-SB Document 21-1 Filed 08/03/20 Page 22 of 67 Page ID #:150
Case 2:17-bk-19548-NB Doc 382 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Declaration of Nellie Barnard    Page 3 of 17

Debtor on May 23, 2017.  Attached as Exhibit A is a true and correct copy of the

Statement of Information filed by Alleged Debtor on May 23, 2017.

3.      On July 27, 2017, I downloaded the Articles of Incorporation of "The

Layfield Law Firm, APC" from the California Secretary of State's website which

was filed on November 1, 2010.  Attached as Exhibit B is a true and correct copy of

the Articles of Incorporation of "The Layfield Law Firm, APC" filed on November

1, 2010.

4.      On July 27, 2017, I downloaded the Certificate of Amendment of

Articles of Incorporation from the California Secretary of State's website which was

filed on August 15, 2014.  Attached as Exhibit C is a true and correct copy of the

Certificate of Amendment of Articles of Incorporation filed on August 15, 2014.

5.      On July 27, 2017, I downloaded the Certificate of Amended and

Restated Articles of Incorporation from the California Secretary of State's website

which was filed on November 24, 2015.  Attached as Exhibit D is a true and correct

copy of the Certificate of Amended and Restated Articles of Incorporation filed on

November 24, 2015.

6.      On July 27, 2017, I downloaded the Statement of Information (Form

SI-550) from the California Secretary of State's website which was filed by Alleged

Debtor on March 7, 2017.  Attached as Exhibit E is a true and correct copy of the

Statement of Information filed by Alleged Debtor on March 7, 2017.

7.      On July 27, 2017, I requested and received the Foreign Registration

Statement for Layfield V, LLC from the Utah Department of Commerce which was

filed by Philip J. Layfield for Layfiled V, LLC on April 21, 2017.  Attached as

Exhibit F is a true and correct copy of the Foreign Registration Statement for

Layfield V, LLC filed on April 21, 2017.

8.      Based on the Declarations of Patricia D. Salcedo, Todd H. Wakefield,

and Joseph Barrett, a hearing and an order on less than 48 hours' notice is justified

for the following reasons:

Case 2:20-bk-07550-SB Document 24-1 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Case 2:17-bk-19548-NB Document 24-1 Filed 08/03/17 23:20 Page 23 of 67 Page ID #:151
Declaration of Nellie Barnard    Page 4 of 17

a.  Mr. Layfield, the Alleged Debtor's CEO, and the sole signatory on its Interest on Lawyer Trust Account (IOLTA) appears to have fled the country.  Alleged Debtor has recently transferred significant assets to a company controlled by Mr. Layfield.

b.  Settlement proceeds belonging to clients of Alleged Debtor have not been disbursed, and Mr. Layfield has refused repeated requests for disbursement.

c.  At the time of its collapse, the Alleged Debtor was counsel of record in over 140 cases in active or pre-litigation.  Alleged Debtor has failed to notify clients of its collapse, the status of their funds, and the status of their cases.  Critical deadlines, including those that may bar future claims, may be approaching for these clients, and there is great uncertainty as to the status of these cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of August 2017, at Portland, Oregon

Nellie Q. Barnard

DECLARATION OF NELLIE Q. BARNARD

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 24 of 67   Page ID #:152
Case 2:17-bk-19548-NB   Doc 32   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Nellie Barnard    Page 5 of 17

# EXHIBIT A

Case 2:20-mc-07159-SB   Document 21-1   Filed 10/23/20   Page 25 of 67   Page ID #:153
Case 2:17-bk-19548-NB   Doc 832-1   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Nellie Barnard     Page 6 of 17

.17-046218

| **Secretary of State**<br>**Statement of Information** 17 | **SI-550** |
|---|---|
| (California Stock, Agricultural Cooperative and Foreign Corporations) | |

**IMPORTANT — Read instructions before completing this form.**

**Fees (Filing plus Disclosure) – $25.00;**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee – $5.00 plus copy fees

**FILED**
Secretary of State
State of California

**MAY 2 3 2017**

_NF_

This Space For Office Use Only

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State. Note: If you registered in California using an assumed name, see instructions.)

Layfield & Barrett, APC

**2. 7-Digit Secretary of State File Number**

**C3330712**

**3. Business Addresses**

| a. Street Address of Principal Executive Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2720 Homestead Rd., Ste 210 | Park City | UT | 84098 |
| b. Mailing Address of Corporation, if different than Item 3a | City (no abbreviations) | State | Zip Code |
| | | | |
| c. Street Address of Principal California Office, if any and if different than Item 3a - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
| 633 West 5th Street, Suite 3300 | Los Angeles | CA | 90071 |

**4. Officers**  The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| Philip | | | Layfield | |
| Address | | City (no abbreviations) | State | Zip Code |
| 2720 Homestead Rd., Ste. 210 | | Park City | UT | 84098 |
| b. Secretary | First Name | Middle Name | Last Name | Suffix |
| Philip | | | Layfield | |
| Address | | City (no abbreviations) | State | Zip Code |
| 2720 Homestead Rd., Ste. 210 | | Park City | UT | 84098 |
| c. Chief Financial Officer/ | First Name | Middle Name | Last Name | Suffix |
| Shyam | | | Bandepalli | |
| Address | | City (no abbreviations) | State | Zip Code |
| 501-507, HM Geneva House, #14, Cunningham Rd, Vasanth Nagar | | Bangalore | Karna | India 560052 |

**5. Director(s)**  California Stock and Agricultural Cooperative Corporations ONLY: Item 5a: At least one name and address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Philip | | Layfield | |
| Address | City (no abbreviations) | State | Zip Code |
| 2720 Homestead Rd., Ste. 210 | Park City | UT | 84098 |
| b. Number of Vacancies on the Board of Directors, if any | 1 | | |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| California Corporate Agents, Inc. |

_(C3035398)_

**7. Type of Business**

| Describe the type of business or services of the Corporation |
|---|
| Law firm - legal services |

**8. The Information contained herein, including in any attachments, is true and correct.**

| 5-18-17 | Todd D. Wakefield | General Counsel | _[signature]_ |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 01/2017)

[ Clear Form ]  [ Print Form ]

2017 California Secretary of State
www.sos.ca.gov/business/be

Exhibit A
Page 1 of 1

Case 2:20-cv-07550-SB   Document 21-1   Filed 10/23/20   Page 26 of 67   Page ID #:154
Case 2:17-bk-19548-NB   Doc 32-2   Filed 08/03/17   Entered 08/03/17 18:02:17   Desc
Declaration of Nellie Barnard    Page 7 of 17

# EXHIBIT B

Case 2:20-mj-07150-SB Document 21-1 Filed 08/03/23 Page 27 of 67 Page ID #:155
Case 2:17-bk-19548-NB Doc 82 Filed 08/03/23 Entered 08/03/17 18:01:17 Desc
Declaration of Nellie Barnard    Page 8 of 17

# ARTICLES OF INCORPORATION

## OF

### The Layfield Law Firm, APC

**FILED**

In the Office of the Secretary of State
of the State of California

NOV 0 1 2010

### I

The name of this corporation is:

### The Layfield Law Firm, APC

### II

The purpose of the corporation is to engage in the Profession of **LAW** and any other lawful activities (other than the banking or trust company business) not prohibited to a corporation engaging in such profession by applicable laws and regulations.

### III

This corporation is a professional corporation within the meaning of Part 4 of Division 3 of Title 1 of the California Corporations Code.

### IV

The name and address in the State of California of this corporation's initial agent for service of process is:

Philip J. Layfield
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401

### V

This corporation is authorized to issue only one class of shares of stock, designated "common stock"; and the total number of shares which this corporation is authorized to issue is 100 with $.01 par value.

### VI

The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California Law.

The corporation is authorized to provide indemnification of agents (as defined in Section 317 of the California Corporations Code) for breach of duty to the corporation and shareholders through bylaw provisions or through agreements with the agents, or both, in excess of the indemnification otherwise permitted by Section 317 of the California Corporations Code, subject to the limits on such excess indemnification set forth in Section 204 of the California Corporations Code.

Anna Manukyan, Incorporator

Exhibit B
Page 1 of 1

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 28 of 67   Page ID #:156
Case 2:17-bk-19548-NB   Doc 8-2   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Nellie Barnard     Page 9 of 17

# EXHIBIT C

Case 2:20-mc-07150-SB Document 21-1 Filed 10/23/20 Page 29 of 67 Page ID #:157
Case 2:17-bk-19548-NB Doc 82 Filed 08/03/17 Entered 08/03/17 18:04:17 Desc
Declaration of Nellie Barnard    Page 10 of 17

NCTO

*3330712*    A0759682

**FILED**
Secretary of State
State of California

**AUG 1 5 2014**

ℓw

CERTIFICATE OF AMENDMENT
OF
ARTICLES OF INCORPORATION

The undersigned certify that:

1. They are the president and the secretary, respectively, of The Layfield Law Firm, APC, a California corporation.

2. Article I of the Articles of Incorporation of this corporation is amended to read as follows:

   The name of this corporation is:

   Layfield & Wallace, APC

3. The foregoing amendment of Articles of Incorporation has been duly approved by the board of directors.

4. The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902, California Corporations Code. The total number of outstanding shares of the corporation is one hundred   100 . The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

DATE: _August 14, 2014_

_____
Philip J. Layfield, President

_____
Philip J. Layfield, Secretary

Exhibit C
Page 1 of 1

Case 2:17-bk-19548-NB   Doc 35-2   Filed 08/03/17   Entered 08/03/17 18:04:17   Desc
Declaration of Nellie Barnard   Page 11 of 17

# EXHIBIT D

Case 2:20-cv-07459-SB Document 21-1 Filed 10/23/20 Page 31 of 67 Page ID #:159
Case 2:17-bk-19548-NB Doc 82 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Declaration of Nellie Barnard Page 12 of 17

A0777704

3330712

NCTO

CERTIFICATE OF AMENDMENT

OF

AMENDED AND RESTATED ARTICLES OF INCORPORATION

FILED
Secretary of State
State of California
2cc NOV 2 4 2015

The undersigned hereby certify that:

1.      They are the president and secretary, respectively, of Layfield & Wallace, APC, a California corporation (the "Corporation").

2.      Article I of the Amended and Restated Articles of Incorporation of the Corporation is amended to read, in its entirety, as follows:

"The name of this corporation is LAYFIELD & BARRETT, APC."

3.      The foregoing amendment of the Amended and Restated Articles of Incorporation of the Corporation has been duly approved by the Board of Directors of the Corporation.

4.      The foregoing amendment of the Amended and Restated Articles of Incorporation of the Corporation has been duly approved by the required vote of the shareholders in accordance with section 902 of the California Corporations Code. The total number of outstanding shares of the Corporation entitled to vote is one hundred (100). The total number of shares of the Corporation voting in favor of the foregoing amendment equaled or exceeded to vote required. The percentage vote required was more than fifty percent (50%) of the Class A Common Shares.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

DATED this 23rd day of November, 2015.

Philip J. Layfield

President

Philip J. Layfield

Secretary

Exhibit D
Page 1 of 1

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 32 of 67   Page ID #:160
Case 2:17-bk-19548-NB   Doc 8-2   Filed 08/03/17   Entered 08/03/17 18:01:27   Desc
Declaration of Nellie Barnard   Page 13 of 17

# EXHIBIT E

Case 2:20-mc-07159-SB Document 24-1 Filed 08/03/20 Page 33 of 67 Page ID #:161
Case 2:17-bk-19548-NB Doc 32 Filed 08/07/17 Entered 08/03/17 18:01:07 Desc
Declaration of Nellie Barnard Page 14 of 17

17-612662

| | **Secretary of State** **Statement of Information** (California Stock, Agricultural Cooperative and Foreign Corporations) | 2 | **SI-550** |
|---|---|---|---|

**FILED**
Secretary of State
State of California

**MAR 07 2017**

*NF*

*This Space For Office Use Only*

**IMPORTANT — Read instructions before completing this form.**

**Fees (Filing plus Disclosure) – $25.00;**

**Copy Fees – First page $1.00; each attachment page $0.50;**
Certification Fee - $5.00 plus copy fees

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State. Note: If you registered in California using an assumed name, see instructions.)

Layfield & Barrett, APC

**2. 7-Digit Secretary of State File Number**

C3330712

**3. Business Addresses**

| a. Street Address of Principal Executive Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9170 Irvine Center Dr. | Irvine | CA | 92618 |
| b. Mailing Address of Corporation, if different than Item 3a | City (no abbreviations) | State | Zip Code |
| c. Street Address of Principal California Office, if any and if different than Item 3a - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
| | | CA | |

**4. Officers** The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | Philip | J. | Layfield | | |
| Address | | | City (no abbreviations) | State | Zip Code |
| 9170 Irvine Center Dr. | | | Irvine | CA | 92618 |
| b. Secretary | First Name | Middle Name | Last Name | | Suffix |
| | Philip | J. | Layfield | | |
| Address | | | City (no abbreviations) | State | Zip Code |
| 9170 Irvine Center Dr. | | | Irvine | CA | 92618 |
| c. Chief Financial Officer/ | First Name | Middle Name | Last Name | | Suffix |
| | Jeffery | | Pannebaker | | |
| Address | | | City (no abbreviations) | State | Zip Code |
| 2720 Homestead Road, Suite 210 | | | Park City | UT | 84098 |

**5. Director(s)** California Stock and Agricultural Cooperative Corporations ONLY: Item 5a: At least one name and address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Philip | J. | Layfield | | |
| Address | | City (no abbreviations) | State | Zip Code |
| 9170 Irvine Center Dr. | | Irvine | CA | 92618 |
| b. Number of Vacancies on the Board of Directors, if any | | | | |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| California Corporate Agents, Inc. |

*C-3035398*

**7. Type of Business**

| Describe the type of business or services of the Corporation |
|---|
| Law Firm |

**8. The Information contained herein, including in any attachments, is true and correct.**

| 3/1/2017 | Philip J. Layfield | President | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 01/2017)

*1/2*

2017 California Secretary of State
www.sos.ca.gov/business/be

Exhibit E
Page 1 of 2

17-612662

| **Attachment to**<br>**Statement of Information**<br>(California Stock and Agricultural<br>Cooperative Corporations) | **SI-550A**<br>**Attachment** |
|---|---|

**A. Corporation Name**

Layfield & Barrett, APC

**B. 7-Digit Secretary of State File Number**

C3330712

This Space For Office Use Only

**C. List of Additional Director(s)** – If the corporation has more than one director, enter the additional directors' names and addresses.

| 5b. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Joseph | M. | Barrett | | |
| Address | City (no abbreviations) | | State | Zip Code |
| 633 W. 5th Street, Suite 3300 | Los Angeles | | CA | 90071 |
| 5c. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5d. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5e. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5f. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5g. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5h. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5i. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5j. First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

SI-550A - Attachment (EST 11/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

Exhibit E
Page 2 of 2

Case 2:20-mc-07159-SB   Document 21-1   Filed 10/23/20   Page 35 of 67   Page ID #:163
Case 2:17-bk-19548-NB   Doc 8-2   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Nellie Barnard   Page 16 of 17

# EXHIBIT F

Case 2:20-mc-07159-SB Document 21-1 Filed 10/23/20 Page 36 of 67 Page ID #:164
Case 2:17-bk-19548-NB Doc 32 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Declaration of Nellie Barnard    Page 17 of 17



**State of Utah**
**Department of Commerce**
**Division of Corporations & Commercial Code**
**Foreign Registration Statement (Foreign Limited Liability Company)**

*This form must be type written or computer generated.*

Date: 04/21/2017
Receipt Number: 6855645
Amount Paid: $70.00

RECEIVED

APR 2 1 2017

Utah Div. of Corp. & Comm. Code

**Important: Read instructions before completing form**    **Non-Refundable Processing Fee: $70.00**

| | |
|---|---|
| 1. Exact Name of Foreign Limited Liability Company: | Layfield V, LLC |
| 2. Jurisdiction of Formation: | DE |

**3. Principal office address:**
*Street Address Required*

| Address | City | State | Zip |
|---|---|---|---|
| 1000 N. Green Valley Pkwy., #440-312, Henderson, NV 89074 | | | |

**4. The name of the Registered Agent (Individual or Business Entity or Commercial Registered Agent):**
Universal Registered Agents, Inc.

*The address must be listed if you have a non-commercial registered agent. See instructions for further details.*

Address of the Registered Agent: _____

*Utah Street Address Required, PO Boxes can be listed after the Street Address*

City: _____    State UT    Zip: _____

**5. The Limited Liability Company shall use as its name in Utah:**
Layfield V, LLC

*Must be the same as number (1) unless the name is not available or permitted in Utah.*

**6. Purpose of the Limited Liability Company:** Hold real estate for investment purposes
(optional)

**7. Managers/Members of the Limited Liability Company:**
(optional)

| Position | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| MANAGER: | Philip J. Layfield | 1000 N. Green Valley Pkwy., #440-312, Henderson, NV 89074 | | | |
| MANAGER: | Christine Layfield | 1000 N. Green Valley Pkwy., #440-312, Henderson, NV 89074 | | | |
| MEMBER: | | | | | |
| MEMBER: | | | | | |

Under penalties of perjury, I declare that this application for authority to transact business has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

Authorized Signature: _____    Name & Title: Philip J. Layfield

Under GRAMA (63-2-201), all registration information maintained by the Division is classified as public record. For confidentiality purposes, you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity.

**Optional Inclusion of Ownership Information: This information is not required.**

Is this a female owned business?    ◯ Yes    ◯ No

Is this a minority owned business?    ◯ Yes    ◯ No    If yes, please specify:    Select/Type the race of the owner here

APR 21 '17 PM 3:46

**State of Utah**
**Department of Commerce**
**Division of Corporations and Commercial Code**
I hereby certified that the foregoing has been filed and approved on this ___ day of ___ 20 ___
In this office of this Division and hereby issued
This Certificate thereof.

01/14

10350540

Examiner _____ MS Date 4-27-17

*Kathy Berg*
**Kathy Berg**
**Division Director**

Exhibit F
Page 1 of 1

Case 2:20-cv-07159-SB  Document 21-1  Filed 10/23/20  Page 37 of 67  Page ID #:165
Case 2:17-bk-19548-NB  Doc 3-3  Filed 08/03/17  Entered 08/03/17 18:01:47  Desc
Declaration of Patricia Salcedo    Page 1 of 31

ALAN J. WATSON (SBN 177531)
ROBERT J. LABATE (SBN 313847)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896.2400
Facsimile: (213) 896.2450
Email: alan.watson@hklaw.com
        robert.labate@hklaw.com

Attorneys for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:17-bk-19548-NB |
| LAYFIELD & BARRETT, APC | Chapter 7 Case |
| Debtor. | **DECLARATION OF PATRICIA D. SALCEDO IN SUPPORT OF PETITIONING CREDITORS' EMERGENCY MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE UNDER 11 U.S.C. § 303(2) AND GRANTING EMR'R.GENCY RELIEF** |
| | DATE: TO BE SET<br>TIME: TO BE SET<br>PLACE: COURTROOM 1545, 255 E. TEMPLE |

#53190488_v1

DECLARATION PATRICIA D. SALCEDO

Case 2:20-mc-07152-SB   Document 21-1   Filed 10/23/20   Page 38 of 67   Page ID #:166
Case 2:17-bk-19548-NB   Doc 383   Filed 08/03/17   Entered 08/03/17 18:04:47   Desc
Declaration of Patricia Salcedo     Page 2 of 31

## DECLARATION OF PATRICIA D. SALCEDO

I, Patricia D. Salcedo, hereby declare as follows:

1.      I am over 18 years of age.  I am an attorney at and the Chief Operating Officer of The Dominguez Firm ("**TDF**"), a creditor in the above-captioned involuntary Chapter 7 bankruptcy case.  In my capacity as Chief Operating Officer, I researched Layfield & Barrett, APC's ("**Alleged Debtor**") operating status as a California law firm and the managing partner of Alleged Debtor, Philip Layfield ("**Mr. Layfield**").   I examined Alleged Debtor's recent Uniform Commercial Code (UCC) filings and real property transfers.  I also participated in TDF's efforts to assist TDF's clients' pursuit of settlement monies owed to them by Alleged Debtor.  Finally, I reviewed the Chapter 11 bankruptcy filing of Maximum Legal (California), LLP ("**Maximum Legal**").  Based on these documents and public filings, I have personal knowledge of the facts set forth below and, if called to testify as a witness, could and would competently testify thereto.

2.      On July 12, 2017, Maximum Legal commenced a voluntary chapter 11 case captioned *In re Maximum Legal (California), LLP* in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division as Case No: 2:17-bk-18433-NB.  Attached as Exhibit A is a true and correct copy of the declaration of Todd H. Wakefield in support of "Debtor's Ex Parte Motion for an Order Extending the Time to File Schedules of Assets and Liabilities," Statement of Financial Affairs, and Related Documents, Doc. No. 19, dated July 25, 2017.  I downloaded the declaration July 27, 2017 from the PACER website, https://pacer.login.uscourts.gov/csologin/login.jsf .

3.      The Alleged Debtor's Los Angeles phone has been disconnected, and Alleged Debtor's website, www.layfieldbarrett.com , is no longer functioning.

Case 2:20-cv-07150-SB Document 21-1 Filed 08/03/20 Page 39 of 67 Page ID #:167
Case 2:17-bk-19548-NB Doc 383 Filed 08/03/17 Entered 08/03/17 18:03:37 Desc
Declaration of Patricia Salcedo Page 3 of 31

4. At least two of Alleged Debtor's clients have filed bar complaints in the last four months alleging that they have not received the proceeds of their settlement.

5. Mr. Lara's case settled on March 10, 2016 for $750,000, and Alleged Debtor received and negotiated the settlement check. Mr. Lara received a cost sheet detailing the gross recovery, attorney fees, and costs and a letter purporting to enclose a check for $287,054.29; the cost sheet states that Mr. Lara's net recovery is $307,054.29. Mr. Lara has not received a check for his net recovery. Nor has Mr. Lara received additional information or documentation of the costs detailed in the cost sheet despite repeated requests. Attached as Exhibit B is a true and correct copy of Mr. Lara's cost sheet that TDF obtained from Layfield & Barrett's staff, Alicia Northton, on January 19, 2017.

6. Vendors and other creditors of Alleged Debtor have not been paid debts owed to them by Alleged Debtor.

7. On July 26, 2017, I appeared on behalf of Jose and Catalina Nunez in a hearing in *Jose Nunez et al v. U-Haul Co of California et al.*, (BC562784). Joseph Barrett, formerly a partner at Alleged Debtor and now at Maximum Legal, also appeared on behalf of Jose and Catalina Nunez. Mr. Layfield participated, via CourtCall, at the hearing but Mr. Layfield disconnected when he was addressed directly by the Court. Mr. Nunez informed the Court that he had not been contacted by anyone at Alleged Debtor for over a month. Mr. Barrett told the Court that Mr. Layfield has left the country and is now in Costa Rica.

8. On July 24, 2017 I searched the Westlaw Real Property Transfer Record website for public records regarding recent transfers of the Alleged Debtor's assets. As a result of that search, I found the following records regarding transfers of the Alleged Debtor's real property to an entity named Layfield V, LLC:

a. A quit claim deed dated April 7, 2017 transferring property located at 2720 Homestead Rd, <u>Suite 200,</u> Park City, UT 84098 from Alleged Debtor to Layfield V LLC.

b. A quit claim deed dated April 7, 2017 quit claim deed transferring property located at 2720 Homestead Rd, <u>Suite 210,</u> Park City, UT 84098 from Alleged Debtor to Layfield V LLC.

c. A quit claim deed dated April 7, 2017 transferring property located at 2720 Homestead Rd, <u>Suite 220,</u> Park City, UT 84098 from Alleged Debtor to Layfield V LLC.

d. A quit claim deed dated April 7, 2017 transferring property located at 9455 Ironwood Square Drive, T101, Scottsdale, AZ 85258 from Alleged Debtor to Layfield V LLC.

True and correct copies of the Real Property Transfer Records are attached hereto as Group Exhibit C.

9. Since March 2017, Alleged Debtor has entered into financing agreements and has granted liens on its assets to certain secured creditors.

10. On July 24, 2017, I performed a Westlaw search for UCC Reports and Financing Statements, filed with the Secretary of State, concerning security interests granted by the Alleged Debtor during 2017. As a result of that search, I found the following records:

a. The UCC Report, attached as Exhibit D, filed with the California Secretary of State on March 6, 2017, which provides notice that certain assets owned by the Alleged Debtor were used as collateral to secure alleged financial obligations to Alliance Legal Solutions, LLC.

b. The UCC Report, attached as Exhibit E, filed with the California Secretary of State on July 3, 2017, which provides notice that certain assets owned by Alleged Debtor and Mr. Layfield were used as

Case 2:20-mc-07159-SB   Document 21-1   Filed 10/23/20   Page 41 of 67   Page ID #:169
Case 2:17-bk-19548-NB   Doc 3-3   Filed 08/03/17   Entered 08/03/17 18:04:17   Desc
Declaration of Patricia Salcedo    Page 5 of 31

collateral to secure alleged financial obligations to Michael D. Waks and Michael Waks.

11.     On July 18, 2017, I searched the Secretary of State's UCC Connect Portal's website, https://uccconnect.sos.ca.gov/acct/acct-login.asp, for transfers of the Alleged Debtor's assets and identified a Financing Statements dated June 12, 2017, which provides notice that certain assets owned by Alleged Debtor, Mr. Layfield and Maximum Legal Holdings, LLC were used as collateral to secure alleged financial obligations to US Claims Opco LLC.  True and correct copies of the UCC Financing Statement are attached as Exhibit F.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2017 in Los Angeles, California.

Patricia D. Salcedo

DECLARATION OF PATRICIA D. SALCEDO

# EXHIBIT A

Case 2:20-cv-07150-SB Document 24-1 Filed 10/23/20 Page 43 of 67 Page ID #:171
Case 2:17-bk-19548-NB Doc 313 Filed 08/25/17 Entered 08/25/17 16:01:07 Desc
Declaration of Patricia Saldeana Page 8 Page 57 of 31

### <u>DECLARATION OF TODD H. WAKEFIELD</u>

I, Todd H. Wakefield, hereby declare as follows:

1.      I am over 18 years of age. I am the chief executive officer of Maximum Legal (California), LLP, the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case (the "<u>Debtor</u>"), and am therefore familiar with the business operations and books and records of the Debtor.  I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2.      As CEO, I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtor's books and records.

3.      I make this declaration in support of the Debtor's motion to which this declaration is annexed (the "<u>Motion</u>").  All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

4.      On July 12, 2017 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>").  The Debtor is continuing to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      The Debtor is a law firm specializing in personal injury and certain other litigation. The Debtor operates out of a single office in downtown Los Angeles, California. The Debtor's law practice is extremely busy. The Debtor estimates that it has approximately 40 active litigation cases and another 75 cases in pre-litigation stage.

6.      This bankruptcy filing was necessary because the Debtor is under attack from current and former clients (the "<u>Clients</u>" or "<u>Claimants</u>") of Layfield & Barrett ("<u>L&B</u>") who have

Exhibit A
Page 1 of 4

Case 2:20-cv-07159-SB Document 21-1 Filed 10/23/20 Page 44 of 67 Page ID #:172
Case 2:17-bk-19548-NB Doc 313 Filed 08/25/17 Entered 08/25/17 16:01:07 Desc
Declaration of Patricia Saldana Page 9 Page 58 of 31

1   not received disbursement of funds received by L&B in settlements of their cases. The Debtor is

2   owned and operated by several former managers and employees of L&B. As a result of the fact

3   that certain of Debtor's employees are former managers and employees of L&B, and that Debtor

4   has associated into some cases previously being handled by L&B, certain Claimants are asserting

5   that the Debtor is a successor in interest or alter-ego of L&B and is liable for these L&B

6   obligations. The Debtor disputes these allegations entirely.

7         7.     The Debtor believes that the settlement funds that were received by L&B may have

8   been held by L&B in bank accounts controlled by L&B principal Philip Layfield; however, the

9   Debtor has no knowledge of the amount or location of such funds, nor when they may have been

10   transferred by Mr. Layfield to accounts or locations outside of L&B. Mr. Layfield held sole

11   signatory authority with respect to the principal L&B trust account. The Debtor believes that the

12   amount of recoveries owing and not yet paid to former L&B clients may total several million

13   dollars. In addition, vendors and other creditors have not been paid by L&B and the Debtor

14   believes that these creditors will be asserting claims against the Debtor as well. Mr. Layfield

15   neither has any ownership or other interest in the equity of the Debtor, nor is Mr. Layfield an

16   officer or employee of the Debtor.

17         8.     The Debtor disputes that it has any liability for the debts of L&B. Further, as of the

18   Petition Date, the Debtor had little or no liquid assets to defend against the litigation claims that

19   have already been filed against it on account of L&B's demise, or those which the Debtor

20   contemplates will be filed. However, the Debtor does have highly talented lawyers and staff who

21   are willing and able to go forward with cases formerly being handled by L&B (with respect to

22   which the Debtor has associated in as counsel), and those clients need representation. The Debtor

23   anticipates that certain litigation recoveries will be received in the near future with respect to

24   certain of the cases in which it is associate counsel.

25         9.     The Debtor's legal team is headed up by top trial lawyer Joseph Barrett and senior

26   counsel and myself. In order to be able to go forward with these ongoing litigation cases, the

27   Debtor's lawyers and non-lawyer personnel need to operate under the protection of the bankruptcy

28

Exhibit A
Page 2 of 4

Case 2:20-cv-03150-SB  Document 21-1  Filed 10/23/20  Page 45 of 67  Page ID #:173
Case 2:17-bk-19548-NB  Doc 343  Filed 08/25/17  Entered 08/25/17 16:01:07  Desc
Declaration of Patricia Salberg  Page 10 Page 9 of 31

1   court without the anticipated deluge of claims by those who have been wronged by L&B.

2        10.    Through this bankruptcy case, the Debtor intends to resolve claims against it which

3   have arisen due to the demise of L&B and to continue the Debtor's law practice. This will enable

4   the Debtor to formulate and successfully pursue confirmation of a plan of reorganization.

5        11.    I am the only person at the Debtor that is available to aid the Debtor in completing

6   the vast compliance requirements of a chapter 11 debtor. Immediately after the Petition Date, I

7   worked to put together the majority of the required items for the 7-day package required to be filed

8   with the Office of the United States Trustee (the "UST"), including closing pre-petition accounts

9   and opening of debtor-in-possession accounts.

10       12.    However, recently Mr. Layfield, with the aid of L&B's IT person, cut off the

11  Debtor's access to its case management system. The case management system is used by L&B and

12  the Debtor to organize and keep track of all of the approximately 140 cases in which Debtor is

13  working to protect the interests of clients who otherwise would be abandoned and unrepresented,

14  including all case deadlines and hearings, names and contact information of the Claimants, and

15  details regarding the cases. Without access to the case management system, the Debtor is not able

16  to accurately prepare its Schedules/SOFA/Other Documents because, among other things, the

17  Debtor will not be able to complete the list of potential creditors, which will include some of the

18  Claimants (although such claims would be disputed by the Debtor), since it does not have access

19  the details of the Claimants, including their names, addresses and amounts involved in their cases.

20       13.    The Debtor is working on a strategy to gain access to its case management system,

21  but until that access is granted, the Debtor is not able to accurately complete its

22  Schedules/SOFA/Other Documents.

23       14.    I believe that creditors and other parties in interest will have sufficient time and

24  opportunity between the requested extension date and the Section 341(a) meeting of creditors to

25  review the Debtor's Schedules/SOFA/Other Documents and dialogue with the Debtor in

26  connection with the Schedules/SOFA/Other Documents since I understand that the UST intends to

27  hold a continued Section 341(a) meeting of creditors on a date that is after the requested extension

28

Exhibit A
Page 3 of 4

Case 2:20-cv-07150-SB Document 21-1 Filed 10/23/20 Page 46 of 67 Page ID #:174
Case 2:17-bk-19548-NB Doc 353 Filed 08/25/17 Entered 08/25/17 16:01:07 Desc
Declaration of Patricia Salcedo Page 12 Page 10 of 31

1   date. A proposed form of order has been lodged concurrently with the filing of this Motion.

2       15.    I believe that if the Debtor is forced to file its Schedules/SOFA/Other Documents

3   by the current July 26, 2017 deadline, it is definite that the Debtor will have to later revise or

4   amend substantial portions of the Schedules/SOFA/Other Documents.

5       16.    I understand that the Court has not yet set a claims bar date

6       I declare under penalty of perjury under the laws of the United States of America that the

7   foregoing is true and correct.

8       Executed this 25th day of July 2017, at Los Angeles, California.

9

10                                              _____

11                                              TODD D. WAKEFIELD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:20-cv-07530-SB   Document 21-1   Filed 10/23/20   Page 47 of 67   Page ID #:175
Case 2:17-bk-19548-NB   Doc 83   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 11 of 31

# EXHIBIT B

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 48 of 67   Page ID #:176
Case 2:17-bk-19548-NB   Doc 88-3   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 12 of 31

**CLOSING STATEMENT**

Lara v. Moshkovich
File no. 15-000109

| | | |
|---|---|---|
| GROSS RECOVERY ................................................................................ | | $ 750,000.00 |

TO: Mario Lara FROM Gennady Moshkovich

LESS ATTORNEYS FEES (40%)

| | | |
|---|---|---|
| Layfield & Barrett, APC | $ 150,000.00 | |
| Juan Dominguez | $ 150,000.00 | |
| **TOTAL FEES** | **$ 300,000.00** | |
| SUBTOTAL ................................................................................ | | $ 450,000.00 |

LESS COSTS INCURRED ................................................................

| | | |
|---|---|---|
| Miscellaneous Expenses | $ 7,524.64 | |
| Animations | $ 2,500.00 | |
| Attorney Service | $ 99.00 | |
| Background/Asset Searches | $ 1,050.00 | |
| Consulting-Nurse | $ 57.86 | |
| Copies for Exhibits for Trial | $ 200.00 | |
| Copy/Print/Scan | $ 4,444.20 | |
| Deposition Summary | $ 2,500.00 | |
| Expert Consultation Fees | $ 4,972.60 | |
| File Set-Up | $ 300.00 | |
| Finance Charges & Origination Fees | $ 22,807.09 | |
| Investigation Fee | $ 325.00 | |
| Legal Research | $ 3,495.00 | |
| Mediation | $ 5,000.00 | |
| Medical Examination | $ 1,000.00 | |
| Medical Record Request Charges | $ 324.00 | |
| Medical Record Review | $ 12,965.00 | |
| Medical Summary | $ 4,634.00 | |
| Messenger Service | $ 1,200.00 | |
| Mileage/Parking/Taxi/Toll | $ 589.81 | |
| Nurse Consultant | $ 4,000.00 | |
| Postage | $ 58.09 | |
| Travel | $ 435.81 | |
| Video Services | $ 28.84 | |
| Westlaw | $ 28.05 | |
| | **$ 80,538.99** | |
| SUBTOTAL ................................................................................ | | $ 369,461.01 |

LESS: TOTAL AUTHORIZED DISBURSEMENTS FOR OUTSTANDING LIENS, MEDICAL BILLS, AND OTHER BILLS ..........

| | | |
|---|---|---|
| **PERALTA HILLS - MISSION VALLEY IMAGING GROUP, P.C.** | | $ 1,500.00 |
| 350 N. Glendale Avenue #509               Reduced by Layfield & Barrett, APC from $2,988.16 | | |
| Glendale, CA 91206 | | |
| **K.C. Salkinder, M.D., Inc.** | | $ 300.00 |
| 6221 Wilshire Blvd #318               Reduced by Layfield & Barrett, APC from $875.00 | | |
| Los Angeles, CA 90048 | | |
| **TYE J Ouzounian, MD** | | $ 3,800.00 |
| 5620 Wilbur Avenue-Suite 216               Reduced by Layfield & Barrett, APC from $5,787.50 | | |
| Tarzana, California 91356 | | |
| **Rem Sleep Labs** | | $ 2,700.00 |
| 7 Musick               Reduced by Layfield & Barrett, APC from $13,550.00 | | |
| Irvine, CA 92618 | | |
| **New Hope Podiatry Group** | | $ 1,000.00 |
| 6455 Independence Eve               Reduced by Layfield & Barrett, APC from $2,300.00 | | |
| Woodland Hills, CA 91367 | | |
| **Mid Valley Imaging** | | $ 100.00 |
| 14622 Ventura Blvd. Ste 725               Reduced by Layfield & Barrett, APC from $310.42 | | |
| Sherman Oaks, CA 91403 | | |
| **Healthcare Financial Solutions, LLC** | | $ 2,000.00 |
| PO Box 6331               Reduced by Layfield & Barrett, APC from $5,500.00 | | |
| Anaheim, CA 92816 | | |
| **Department of Health Care Services** | | $ 27,971.72 |
| P.O. Box 997421               Reduced by Layfield & Barrett, APC from $39,821.62 | | |
| Sacramento, CA 95899-7421 | | |
| **CaseAdvance** | | $ 23,035.00 |
| 650 Town Center Dr., Ste. 845               Reduced by Layfield & Barrett, APC from $23,035.00 | | |
| Costa Mesa, CA 92626 | | |
| **Total Billings/ Liens** | | $ 62,406.72 |
| **NET RECOVERY TO: Mario Lara** | | $ 307,054.29 |

| | | |
|---|---|---|
| Advance Check paid in the amount of $5,000.00 vide Ch. No. 14388645 Dt. 10/24/16 | $ 5,000.00 | |
| Advance Check paid in the amount of $5,000.00 vide Ch. No. 14588276 Dt. 11/04/16 | $ 5,000.00 | |
| Advance Check paid in the amount of $5,000.00 vide Ch. No. 15029230 Dt. 12/05/16 | $ 5,000.00 | |
| Advance Check paid in the amount of $5,000.00 vide Ch. No. 15019939 Dt. 12/05/16 | $ 5,000.00 | |
| **Total Advance Paid** | **$ 20,000.00** | |
| **NET RECOVERY TO: Mario Lara** | | $ 287,054.29 |

Exhibit B
Page 1 of 2

Case 2:20-cv-07152-SB   Document 21-1   Filed 10/23/20   Page 49 of 67   Page ID #:177
Case 2:17-bk-19548-NB   Doc 363   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 13 of 31



January 13, 2017

Mario G. Lara
5407 Sierra Vista, Apt. 301
West Hollywood, CA 90038

     Re:   *Mario G. Lara*
             *Our File No.: 15-000109; Date of Loss:02/19/2015*

Dear Ms. Lara:

Layfield & Barrett, APC would like to thank you for choosing our firm to represent you in the above-referenced matter. Enclosed please find a breakdown and summary of settlement proceeds, fees and costs, and your final settlement check in the amount of **$287,054.29**

**We have issued advance checks as under:**
    a.  Ch. No. 14388645 Dt. 10/24/16 $5,000.00
    b.  Ch. No. 14588276 Dt. 11/04/16 $5,000.00
    c.  Ch. No. 15029230 Dt. 12/05/16 $5,000.00
    d.  Ch. No. 15019939 Dt. 12/05/16 $5,000.00

Please sign below confirming that you understand that (i) the NET amount stated above is all that you will be receiving from us in connection with this matter; (ii) no other compensation is forthcoming; and (iii) all liens, medical bills, or debts of any type that may exist related to this matter that are not listed on the attached breakdown shall remain your (the client's) responsibility.

Your file is now closed, and this representation is concluded. We will retain your case file materials for a period of five (5) years from the date of this letter. After that time, all materials will be deleted or destroyed unless you make prior demand to take possession of your file.

If we can be of any legal assistance to you, or anyone you know, in any other matter we hope you will contact us.  We strive to provide the best service possible to our clients, and hope that your experience with us has been positive. If so, we would appreciate you providing us a positive review on Yelp.com, and will send you a separate email with a link to do so.

Thank you again for choosing Layfield & Barrett, APC.

                                   Sincerely

                                   *Jeffery Pannebaker*

                                   Jeffery Pannebaker
                                   Finance - Global
                                   j.pannebaker@layfieldbarrett.com
                                   (435) 602-4476

Enclosures: Check Amount of **$287,054.29**

Acknowledged

_____
Mario G. Lara

633 West 5th Street, Suite 3300, Los Angeles, CA 90071
**Tel:** (844) 993-3743 **Fax:** (800) 644-9861 **Website:** www.layfieldbarrett.com

Exhibit B
Page 2 of 2

Case 2:20-cv-07598-SB   Document 24-1   Filed 10/23/20   Page 50 of 67   Page ID #:178
Case 2:17-bk-19548-NB   Doc 33   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 14 of 31

# EXHIBIT C

Case 2:20-mc-07159-SB   Document 21-1   Filed 10/23/20   Page 51 of 67   Page ID #:179
Case 2:17-bk-19548-NB   Doc 383   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 15 of 31
Real Property Transaction: LAYFIELD V LLC

---

**Real Property Transaction Record**

## Source Information

| | |
|---|---|
| **Filings Current Through:** | 07/07/2017 |
| **County Last Updated:** | 07/20/2017 |
| **Frequency of Update:** | MONTHLY |
| **Current Date:** | 07/24/2017 |
| **Source:** | COUNTY RECORDER |

## Transaction Information

| | |
|---|---|
| **Transaction Date:** | 04/07/2017 |
| **Seller Name:** | LAYFIELD & BARRETT APC |
| **Deed Type:** | QUIT CLAIM DEED |
| **Document Type:** | QUIT CLAIM DEED |
| **Type of Transaction:** | NOMINAL |
| **Recording Date:** | 04/17/2017 |
| **Document Number:** | 1067476 |
| **Recording Book/ Page:** | BOOK 2405, PAGE 985 |
| | METRO NAT'L TITLE |
| **Construction Type:** | SALE IS A RE-SALE |
| **InterFamily Transaction:** | RELEASE OF DEED OF TRUST/MTG |

## Owner Information

| | |
|---|---|
| **Owner(s):** | LAYFIELD V LLC |
| **Ownership Rights:** | COMPANY / CORPORATION |
| **Corporate Owner:** | CORPORATE OWNER |
| **Absentee Owner:** | SITUS FROM SALE (ABSENTEE) |
| **Property Address:** | 2720 HOMESTEAD RD 200 PARK CITY, UT 84098-4887 |
| **Mailing Address:** | 1000 GREEN VALLEY PKWY 440 HENDERSON, NV 89074-6172 |

## Property Information

| | |
|---|---|
| **County:** | SUMMIT |
| **Assessor's Parcel Number:** | 0459539 |
| **Property Type:** | COMMERCIAL |
| **Land Use:** | COMMERCIAL BUILDING |
| **Building Square Feet:** | 1236 |

TAX ASSESSOR RECORD may be available for this property. The record contains information from the office of the local real property tax assessor office. In addition to identifying the current owner, the record may include tax assessment information, the legal description, and property characteristics. Additional charges may apply.

TRANSACTION HISTORY REPORT may be available for this property. The report contains details about all available transactions associated with this property. The report may include information about sales, ownership transfers, refinances, construction loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges may apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 52 of 67   Page ID #:180

Case 2:17-bk-19548-NB    Doc 3-3   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo    Page 16 of 31

**Real Property Transaction: LAYFIELD V LLC**

**End of Document**                                        © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:20-cv-07658-SB   Document 21-1   Filed 10/23/20   Page 53 of 67   Page ID #:181
Case 2:17-bk-19548-NB   Doc 83-3   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 17 of 31
Real Property Transaction: LAYFIELD V LLC

---

**Real Property Transaction Record**

## Source Information

| | |
|---|---|
| **Filings Current Through:** | 07/07/2017 |
| **County Last Updated:** | 07/20/2017 |
| **Frequency of Update:** | MONTHLY |
| **Current Date:** | 07/24/2017 |
| **Source:** | COUNTY RECORDER |

## Transaction Information

| | |
|---|---|
| **Transaction Date:** | 04/07/2017 |
| **Seller Name:** | LAYFIELD & BARRETT APC |
| **Deed Type:** | QUIT CLAIM DEED |
| **Document Type:** | QUIT CLAIM DEED |
| **Type of Transaction:** | NOMINAL |
| **Recording Date:** | 04/17/2017 |
| **Document Number:** | 1067478 |
| **Recording Book/ Page:** | BOOK 2405, PAGE 988 |

## Owner Information

| | |
|---|---|
| **Owner(s):** | LAYFIELD V LLC |
| **Ownership Rights:** | COMPANY / CORPORATION |
| **Corporate Owner:** | CORPORATE OWNER |
| **Absentee Owner:** | SITUS FROM SALE (ABSENTEE) |
| **Property Address:** | 2720 HOMESTEAD RD 210 PARK CITY, UT 84098-4887 |
| **Mailing Address:** | 1000 GREEN VALLEY PKWY 440 HENDERSON, NV 89074-6172 |

| | |
|---|---|
| **Construction Type:** | METRO NAT'L TITLE |
| **InterFamily Transaction:** | SALE IS A RE-SALE RELEASE OF DEED OF TRUST/MTG |
| **Multiple Parcel Sale:** | MULTIPLE PARCEL SALE |

## Property Information

| | |
|---|---|
| **County:** | SUMMIT |
| **Assessor's Parcel Number:** | 0459546 |
| **Property Type:** | COMMERCIAL |
| **Land Use:** | COMMERCIAL BUILDING |
| **Building Square Feet:** | 533 |

TAX ASSESSOR RECORD may be available for this property. The record contains information from the office of the local real property tax assessor office. In addition to identifying the current owner, the record may include tax assessment information, the legal description, and property characteristics. Additional charges may apply.

TRANSACTION HISTORY REPORT may be available for this property. The report contains details about all available transactions associated with this property. The report may include information about sales, ownership transfers, refinances, construction loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges may apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

Case 2:20-cv-07159-SB  Document 21-1  Filed 10/23/20  Page 54 of 67  Page ID #:182

Case 2:17-bk-19548-NB  Doc 63-3  Filed 08/03/17  Entered 08/03/17 18:01:17  Desc
Declaration of Patricia Salcedo    Page 18 of 31
Real Property Transaction: LAYFIELD V LLC

**End of Document**
© 2017 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:20-mc-07150-SB   Document 21-1   Filed 10/23/20   Page 55 of 67   Page ID #:183
Case 2:17-bk-19548-NB   Doc 353   Filed 08/03/17   Entered 08/03/17 18:04:17   Desc
Declaration of Patricia Salcedo     Page 19 of 31
Real Property Transaction: LAYFIELD V LLC

---

**Real Property Transaction Record**

## Source Information

| | |
|---|---|
| **Filings Current Through:** | 07/07/2017 |
| **County Last Updated:** | 07/20/2017 |
| **Frequency of Update:** | MONTHLY |
| **Current Date:** | 07/24/2017 |
| **Source:** | COUNTY RECORDER |

## Owner Information

| | |
|---|---|
| **Owner(s):** | LAYFIELD V LLC |
| **Ownership Rights:** | COMPANY / CORPORATION |
| **Corporate Owner:** | CORPORATE OWNER |
| **Absentee Owner:** | SITUS FROM SALE (ABSENTEE) |
| **Property Address:** | 2720 HOMESTEAD RD 220 PARK CITY, UT 84098-4881 |
| **Mailing Address:** | 1000 GREEN VALLEY PKWY 440 HENDERSON, NV 89074-6172 |

## Transaction Information

| | |
|---|---|
| **Transaction Date:** | 04/07/2017 |
| **Seller Name:** | LAYFIELD & BARRETT APC |
| **Deed Type:** | QUIT CLAIM DEED |
| **Document Type:** | QUIT CLAIM DEED |
| **Type of Transaction:** | NOMINAL |
| **Recording Date:** | 04/17/2017 |
| **Document Number:** | 1067478 |
| **Recording Book/ Page:** | BOOK 2405, PAGE 988 |
| | METRO NAT'L TITLE |
| **Construction Type:** | SALE IS A RE-SALE |
| **InterFamily Transaction:** | RELEASE OF DEED OF TRUST/MTG |
| **Multiple Parcel Sale:** | MULTI / DETAIL PARCEL SALE |

## Property Information

| | |
|---|---|
| **County:** | SUMMIT |
| **Assessor's Parcel Number:** | 0459553 |
| **Property Type:** | COMMERCIAL |
| **Land Use:** | COMMERCIAL BUILDING |
| **Building Square Feet:** | 345 |

TAX ASSESSOR RECORD may be available for this property. The record contains information from the office of the local real property tax assessor office. In addition to identifying the current owner, the record may include tax assessment information, the legal description, and property characteristics. Additional charges may apply.

TRANSACTION HISTORY REPORT may be available for this property. The report contains details about all available transactions associated with this property. The report may include information about sales, ownership transfers, refinances, construction loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges may apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

---

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 56 of 67   Page ID #:184
Case 2:17-bk-19548-NB    Doc 55-3   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo    Page 20 of 31
Real Property Transaction: LAYFIELD V LLC

**End of Document**                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit C
Page 6 of 8

Case 2:20-cv-07550-SB  Document 21-1  Filed 10/23/20  Page 57 of 67  Page ID #:185
Case 2:17-bk-19548-NB  Doc 363  Filed 08/03/17  Entered 08/03/17 18:01:17  Desc
Declaration of Patricia Salcedo    Page 21 of 31
Real Property Transaction: LAYFIELD V LLC

**Real Property Transaction Record**

## Source Information

| | |
|---|---|
| **Filings Current Through:** | 07/14/2017 |
| **County Last Updated:** | 07/20/2017 |
| **Frequency of Update:** | WEEKLY |
| **Current Date:** | 07/24/2017 |
| **Source:** | COUNTY RECORDER |

## Transaction Information

| | |
|---|---|
| **Transaction Date:** | 04/07/2017 |
| **Seller Name:** | LAYFIELD & BARRETT APC |
| **Deed Type:** | QUIT CLAIM DEED |
| **Document Type:** | QUIT CLAIM DEED |
| **Type of Transaction:** | NOMINAL |
| **Recording Date:** | 04/21/2017 |
| **Document Number:** | 288351 |
| | METRO NAT'L TITLE |
| **Construction Type:** | SALE IS A RE-SALE |
| **InterFamily Transaction:** | RELEASE OF DEED OF TRUST/MTG |

## Owner Information

| | |
|---|---|
| **Owner(s):** | LAYFIELD V LLC |
| **Ownership Rights:** | COMPANY / CORPORATION |
| **Corporate Owner:** | CORPORATE OWNER |
| **Absentee Owner:** | SITUS FROM SALE (ABSENTEE) |
| **Property Address:** | 9455 IRONWOOD SQUARE DR T101 SCOTTSDALE, AZ 85258-4575 |
| **Mailing Address:** | 1000 GREEN VALLEY PKWY 440 HENDERSON, NV 89074-6172 |

## Property Information

| | |
|---|---|
| **County:** | MARICOPA |
| **Assessor's Parcel Number:** | 1521741696 |
| **Property Type:** | COMMERCIAL CONDOMINIUM |
| **Land Use:** | MEDICAL CONDO |
| **Building Square Feet:** | 5736 |

TAX ASSESSOR RECORD may be available for this property. The record contains information from the office of the local real property tax assessor office. In addition to identifying the current owner, the record may include tax assessment information, the legal description, and property characteristics. Additional charges may apply.

TRANSACTION HISTORY REPORT may be available for this property. The record contains details about all available transactions associated with this property. The report may include information about sales, ownership transfers, refinances, construction loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges may apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose*

Case 2:20-cv-07150-SB   Document 21-1   Filed 10/23/20   Page 58 of 67   Page ID #:186

Case 2:17-bk-19548-NB   Doc 63-3   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo    Page 22 of 31
Real Property Transaction: LAYFIELD V LLC

*authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose*
*authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D

Case 2:20-cv-07578-SB Document 31-1 Filed 10/23/20 Page 60 of 67 Page ID #:188
Uniform Commercial Code Report: ... Doc 353 ... Filed 08/08/17 Entered 08/03/17 18:01:17 Desc
Declaration of Patricia Salcedo Page 24 of 31

| Uniform Commercial Code Report |
|---|

THIS DATA IS FOR INFORMATION PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE.

## Source Information

| Information Current Through: | 07/22/2017 |
|---|---|
| Database Last Updated: | 07/22/2017 |
| Update Frequency: | DAILY |
| Current Date: | 07/24/2017 |
| Source: | CA SECRETARY OF STATE |

## Filing Information

| Filing Number: | 177573963119 |
|---|---|
| Filing Date: | 03/06/2017 |
| Expiration Date: | 03/06/2022 |
| Total Number of Pages: | 2 |
| Filing Type: | FINANCING STATEMENT |

## Debtor Information

| Debtor(s): | LAYFIELD & BARRETT, APC 9170 IRVINE CENTER IRVINE, CA 92618 |
|---|---|
| Debtor(s): | PHILIP LAYFIELD 9170 IRVINE CENTER IRVINE, CA 92618 |
| Debtor(s): | PHILIP LAYFIELD 31381 TRIGO TRAIL COTO DE CAZA, CA 90679 |

## Secured Party or Creditor Information

| Secured Party(s): | ALLIANCE LEGAL SOLUTIONS, LLC 17505 W CATAWBA AVE, SUITE 200 CORNELIUS, NC 28031 |
|---|---|

## Collateral Information

| Collateral Type: | ALL ASSETS AND ALL ACCOUNTS RECEIVABLE OF DEBTOR AND GUARANTOR, WHETHER RELATED |
|---|---|
| Collateral Type: | TO ATTORNEY FEES OR OTHERWISE, CONTRACT RIGHTS AND OTHER RIGHTS TO RECEIVE THE |
| Collateral Type: | PAYMENT OF MONEY, INVENTORY, INSTRUMENTS, PATENTS, CHATTEL PAPER, REFERRAL |
| Collateral Type: | FEES, INSURANCE PROCEEDS, LICENSES, LEASES AND GENERAL INTANGIBLES, ALL TRADE |
| Collateral Type: | NAMES, COPYRIGHTS OR OTHER INTELLECTUAL PROPERTY, MACHINERY, EQUIPMENT, |
| Collateral Type: | FURNITURE, FURNISHINGS, TOOLS, |

Case 2:20-cv-07598-SB   Document 31-1   Filed 10/23/20   Page 61 of 67   Page ID #:189
Uniform Commercial Code Report: DOVE... Case 2... BANK..., 2017 WL 6418...
Declaration of Patricia Salcedo    Page 25 of 31

|  | FIXTURES, PERSONAL |
|---|---|
|  | PROPERTY AND |
|  | ACCESSORIES, |
| **Collateral Type:** | AND ALL OF DEBTOR'S |
|  | AND GUARANTOR'S |
|  | BOOKS AND RECORDS |
|  | RELATING TO ANY OF |
|  | THE |
| **Collateral Type:** | FOREGOING, WHETHER |
|  | NOW OWNED OR |
|  | HEREAFTER ACQUIRED |
|  | OR ARISING, AND THE |
| **Collateral Type:** | PROCEEDS, PRODUCTS |
|  | AND INCOME OF ANY OF |
|  | THE FOREGOING. |

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387) for on-site manual retrieval of documents related to this or other matters. Additional charges apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:20-cv-07150-SB Document 21-1 Filed 10/23/20 Page 62 of 67 Page ID #:190
Case 2:17-bk-19548-NB Doc 33 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Declaration of Patricia Salcedo Page 26 of 31

# EXHIBIT E

Case 2:20-mc-07158-SB   Document 21-1   Filed 10/23/20   Page 63 of 67   Page ID #:191
Case 2:17-bk-19548-NB   Doc 353   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 27 of 31
Uniform Commercial Code Report: LAYFIELD & BARRETT, APC

| Uniform Commercial Code Report |
|---|

THIS DATA IS FOR INFORMATION PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE.

### Source Information

| | |
|---|---|
| Information Current Through: | 07/22/2017 |
| Database Last Updated: | 07/22/2017 |
| Update Frequency: | DAILY |
| Current Date: | 07/24/2017 |
| Source: | CA SECRETARY OF STATE |

### Filing Information

| | |
|---|---|
| Filing Number: | 177594244154 |
| Filing Date: | 07/03/2017 |
| Expiration Date: | 07/03/2022 |
| Total Number of Pages: | 2 |
| Filing Type: | FINANCING STATEMENT |

### Debtor Information

| | |
|---|---|
| Debtor(s): | LAYFIELD & BARRETT, APC 9170 IRVINE CENTER DR. IRVINE, CA 92618 |
| Debtor(s): | PHILIP LAYFIELD 9170 IRVINE CENTER DR. IRVINE, CA 92618 |

### Secured Party or Creditor Information

| | |
|---|---|
| Secured Party(s): | LAW OFFICE OF MICHAEL D. WAKS 300 E. SAN ANTONIO DR. LONG BEACH, CA 90807 |
| Secured Party(s): | MICHAEL WAKS 300 E. SAN ANTONIO DR. LONG BEACH, CA 90807 |

### Collateral Information

| | |
|---|---|
| Collateral Type: | ALL OF THE DEBTOR'S RIGHT, TITLE AND INTEREST IN, ALL MONIES, ACCOUNT |
| Collateral Type: | RECEIVABLES AND/OR GENERAL INTANGIBLES DUE DEBTOR FROM THE HOMAMPOUR LAW FIRM |
| Collateral Type: | AND/OR ARASH HOMAMPOUR, ESQ., AND ALL PROCEEDS, PRODUCTS, DISTRIBUTIONS OR |
| Collateral Type: | DIVIDENDS OR SUBSTITUTIONS THEREON AND THEREOF RELATING TO OR ARISING OUT OF |
| Collateral Type: | SETTLEMENT OF THE LAWSUIT CAPTIONED GABRIEL DOMINGUEZ ETC., ET AL. V. CROWN |
| Collateral Type: | EQUIPMENT CORPORATION, USDC CENTRAL DISTRICT CASE NO. 2:14-CV-07935-SVW-E AND |

Case 2:20-cv-07658-SB   Document 21-1   Filed 10/23/20   Page 64 of 67   Page ID #:192
Case 2:17-bk-19548-NB   Doc 83-3   Filed 08/03/17   Entered 08/03/17 18:01:17   Desc
Declaration of Patricia Salcedo   Page 28 of 31
Uniform Commercial Code Report: LAYFIELD & BARRETT, APC

**Collateral Type:** ANY AND ALL OTHER RIGHTS OF DEBTOR IN AND TO THE ITEMS SET FORTH IN THE

**Collateral Type:** FOREGOING.

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

## Order Documents

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387) for on-site manual retrieval of documents related to this or other matters. Additional charges apply.

*Thomson Reuters Legal is not a consumer reporting agency and none of its services or the data contained therein constitute a 'consumer report' as such term is defined in the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. The data provided to you may not be used as a factor in consumer debt collection decisioning, establishing a consumer's eligibility for credit, insurance, employment, government benefits, or housing, or for any other purpose authorized under the FCRA. By accessing one of our services, you agree not to use the service or data for any purpose authorized under the FCRA or in relation to taking an adverse action relating to a consumer application.*

Exhibit E
Page 2 of 2

# EXHIBIT F

Case 2:20-mc-07159-SB Document 21-1 Filed 10/23/20 Page 66 of 67 Page ID #:194
Case 2:17-bk-19548-NB Doc 33 Filed 08/03/17 Entered 08/03/17 18:01:97 Desc
Declaration of Patricia Salcedo Page 30 of 31

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Gisella Melendez
800-331-3282

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

**DOCUMENT NUMBER:** 61867790002
**FILING NUMBER:** 17-7589909560
**FILING DATE:** 06/12/2017 11:06

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| LayField | Philip | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 31381 Trigo Trail | Coto De Caza | CA | 92679 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Layfield & Barrett, APC | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 633 West 5th Street, Suite 3300 | Los Angeles | CA | 90071 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| US Claims Opco LLC | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1221 N. Church Street, Suite 103 | Moorestown | NJ | 08057 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All right, title and interest in, to and the proceeds, accounts, awards of attorneys' fees and/or costs, payment intangibles or contractual rights and any and all derivatives thereof, whether presently existing or hereafter acquired, related to those certain litigation entitled:

Jasmine Esmeralda Pineda, et al. v. Pineda, et al vs. County of Riverside, CA, et al,, pending in the California State Superior Court, Riverside County bearing case number RIC1507590 .

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
CA-0-59275008-53452388

FILING OFFICE COPY

Exhibit F
Page 1 of 2

Page 2

Case 2:20-cv-07156-SB Document 21-1 Filed 10/23/20 Page 67 of 67 Page ID #:195
Case 2:17-bk-19548-NB Doc 83 Filed 08/03/17 Entered 08/03/17 18:01:17 Desc
Declaration of Patricia Salcedo    Page 31 of 31

# UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS**

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐

| | |
|---|---|
| 9a. ORGANIZATION'S NAME | |

OR

9b. INDIVIDUAL'S SURNAME
LayField

FIRST PERSONAL NAME
Philip

ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

**DOCUMENT NUMBER: 61867790002**

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME
Maximum Legal Holdings, LLC

OR

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 633 West 5th Street, Suite 3300 | Los Angeles | CA | 90071 | USA |

11. ☐ ADDITIONAL SECURED PARTY'S NAME <u>or</u> ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only <u>one</u> name (11a or 11b)

OR

11a. ORGANIZATION'S NAME

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

12. ADDITIONAL SPACE FOR ITEM 4 (collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing.

15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

**FILING OFFICE COPY**