# EXHIBIT R

Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:17-bk-19548-NB |
| LAYFIELD & BARRETT, APC, | Chapter 11 |
| Debtor. | **THIRD STIPULATION AND TOLLING AGREEMENT EXTENDING STATUTES OF LIMITATION RE: PHILIP LAYFIELD**<br><br>[No Hearing Required] |

DOCS_LA:331224.1 51414/001

Richard M. Pachulski (the "L&B Trustee"), the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("L&B" or the "Debtor"), and Wesley H. Avery, the duly appointed chapter 7 trustee in the bankruptcy case entitled *In re Philip James Layfield*, Case No. 2:18-bk-15829-NB (the "Layfield Trustee", and together with the L&B Trustee, the "Parties"), hereby stipulate and agree as follows in accordance with the following facts and recitals:

## RECITALS

A.   On August 3, 2017 (the "L&B Petition Date"), petitioning creditors The Dominguez Firm, Inc., Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), against L&B [Docket No. 1], in this Court thereby commencing the above-captioned bankruptcy case (the "L&B Case"). That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").

B.   In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the L&B Case to one under chapter 11 of the Bankruptcy Code. On August 11, 2017, the Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

C.   On August 16, 2017, the Debtor, Petitioning Creditors, and Advocate Capital, Inc. entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38] (the "Trustee Appointment Stipulation"), on the grounds that "the Parties believe that all creditors and the Debtor would be better served by the appointment of a chapter 11 trustee," which the Court approved by order on August 17, 2017 [Docket No. 42]. Trustee Appointment Stipulation ¶ D at 2.

D.   On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the L&B Case [Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by

DOCS_LA:331224.1 51414/001

the Court's order entered the following day [Docket No. 56]. On August 28, 2017, the L&B Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

E.   On September 27, 2017, the Court entered its *Order Amending "Order Converting This Case to One Under Chapter 11" to Include Order for Relief*, providing for the entry of the Order for Relief to be effective as of August 11, 2017 [Docket No. 99].

F.   On May 21, 2018, the L&B Trustee and two other creditors (the "Layfield Petitioning Creditors") filed an involuntary chapter 7 petition against Philip Layfield ("Layfield") in this Court [Docket No. 1], thereby commencing Case No. 2:18-bk-15829-NB (the "Layfield Case").

G.   On May 23, 2018, Wellgen Standard, LLC, one of the Layfield Petitioning Creditors, filed *Wellgen Standard, LLC's Motion for Order Appointing an Interim Trustee Under 11 U.S.C. § 303(g)* [Docket No. 5] (the "Interim Trustee Motion"), seeking the appointment of an interim chapter 7 trustee in the Layfield Case.

H.   On May 30, 2018, this Court granted the Interim Trustee Motion and on June 8, 2018, the UST appointed the Layfield Trustee.

I.   To date, the L&B Trustee has determined that, in the one year before the L&B Petition Date, the Debtor made numerous transfers to Philip Layfield.

J.   The time period for the L&B Trustee to bring certain potential causes of action against Layfield and any entities directly or indirectly owned by or under the control of Layfield (collectively "Layfield Parties") under Chapter 5 of the Bankruptcy Code and, potentially, claims under applicable state law ("Causes of Action") originally was to expire on August 11, 2019 (the "Chapter 5 Statute of Limitations").

K.   On or about August 9, 2019, the L&B Trustee and Layfield Trustee entered into that certain *Stipulation and Tolling Agreement Extending Statutes of Limitation Re: Philip Layfield* [Docket No. 445] (the "First Extension Stipulation"), pursuant to which, among other relief, the Parties agreed to toll the Chapter 5 Statute of Limitations until March 11, 2020, in order to allow the parties to discuss and hopefully resolve informally the disposition of the Causes of Action without the need to commence formal proceedings in this Court. The Court approved the First Extension Stipulation by order entered the same day [Docket No. 446].

2

DOCS_LA:331224.1 51414/001

L.  On or about March 10, 2020, the L&B Trustee and Layfield Trustee entered into that certain *Second Stipulation and Tolling Agreement Extending Statutes of Limitation Re: Philip Layfield* [Docket No. 480] (the "Second Extension Stipulation"), pursuant to which, among other relief, the Parties agreed to toll the Chapter 5 Statute of Limitations until September 11, 2020, in order to allow the parties to discuss and hopefully resolve informally the disposition of the Causes of Action without the need to commence formal proceedings in this Court.  The Court approved the Second Extension Stipulation by order entered on March 11, 2020 [Docket No. 481].

M.  The Parties seek to further extend the Chapter 5 Statute of Limitations to maintain the status quo between the L&B and Layfield bankruptcy estates with respect to the Causes of Action in order to facilitate further discussions and hopefully resolve informally the disposition of the Causes of Action without the need to commence formal proceedings in this Court.

**NOW, THEREFORE**, as of August 11, 2020 (the "Commencement Date"), the L&B Trustee and the Layfield Trustee hereby stipulate and agree as follow:

### STIPULATION

1.  The Parties incorporate the Recitals as set forth above, and such Recitals are made a material part hereof.

2.  Covenant Not to Sue.  In consideration of the Layfield Trustee's agreement to further toll the statutes of limitation as set forth herein, the L&B Trustee agrees not to commence, file or initiate any Causes of Action against any Layfield Party for the period beginning on the Commencement Date through February 11, 2021.  The covenant is made with the understanding that the L&B Trustee and the Layfield Trustee may agree, in writing, to extend the duration of the covenant beyond the expiration date provided in this paragraph.

3.  Tolling of Statutes of Limitation.  In consideration for the L&B Trustee's Covenant Not to Sue (as set forth in paragraph 2 of this Stipulation), the Layfield Trustee agrees that all statutes of limitation, including but not limited to those set forth in section 546 of the Bankruptcy Code, applicable to any Causes of Action that the L&B Trustee may bring against any Layfield Party are hereby extended from the Commencement Date through and including March 11, 2021 (the "Tolling Period"), and the Tolling Period shall be excluded from any calculation of any statute of

3

limitations period applicable to any Causes of Action brought by the L&B Trustee against any Layfield Party. The Layfield Trustee acknowledges that he will be estopped hereby from arguing that this Stipulation is ineffective to extend the time within which the L&B Trustee must commence an action to pursue the Causes of Action.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the dates set forth below.

Dated: August  5 , 2020          PACHULSKI STANG ZIEHL & JONES LLP

                                 By   */s/ Malhar S. Pagay*
                                      Malhar S. Pagay
                                      Attorneys for Richard M. Pachulski, Chapter 11 Trustee

Dated: August 5th, 2020          WEILAND GOLDEN GOODRICH LLP

                                 By   _____
                                      Jeffrey I. Golden

                                      Special Counsel for Wesley H. Avery, Chapter 7 Trustee

4

DOCS_LA:331224.1 51414/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **THIRD STIPULATION AND TOLLING AGREEMENT EXTENDING STATUTES OF LIMITATION RE:  PHILIP LAYFIELD** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 5, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 5, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Philip James Layfield
> c/o Maximum Legal Holdings, LLC
> 8 The Green, Suite 6426
> Dover, DE 19901

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 5, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> By Email:
> Philip James Layfield
> Email:  phil@maximum.global

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **August 5, 2020** | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                           **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:323651.2 51414/002

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   **Case 2:17-bk-19548-NB**

   - Wesley H Avery    wes@averytrustee.com, lucy@averytrustee.com;Isabel@averytrustee.com
   - Jason Balitzer    jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
   - Moises S Bardavid    mbardavid@hotmail.com
   - Daniel I Barness    daniel@barnesslaw.com
   - James W Bates    jbates@jbateslaw.com
   - Darwin Bingham    cat@scalleyreading.net
   - Paul M Brent    snb300@aol.com
   - Martin J Brill    mjb@lnbrb.com
   - William S Brody    wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
   - Glenn R Bronson    GRBronson@traskbritt.com, cawatters@traskbritt.com
   - Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
   - Jennifer Witherell Crastz    jcrastz@hrhlaw.com
   - Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com
   - Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com
   - Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
   - Stella A Havkin    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com
   - M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
   - Yana G Henriks    yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;lawclerk1@law-mh.com;lfreidenberg@law-mh.com;mbral@law-mh.com;egarcia@law-mh.com;clopez@law-mh.com
   - Kimberly D Howatt    khowatt@gordonrees.com, sdurazo@grsm.com
   - James KT Hunter    jhunter@pszjlaw.com
   - Steven J Kahn    skahn@pszyjw.com
   - Joseph M Kar    jkar@mindspring.com
   - Michael S Kogan    mkogan@koganlawfirm.com
   - Richard W Labowe    richardwlabowe@gmail.com, llhlaw1631@aol.com
   - Dare Law    dare.law@usdoj.gov
   - David W. Meadows    david@davidwmeadowslaw.com
   - Jessica Mickelsen Simon    simonjm@ballardspahr.com, carolod@ballardspahr.com
   - Dennette A Mulvaney    dmulvaney@leechtishman.com, lmoya@leechtishman.com
   - Rana Nader    rnader@naderlawgroup.com, monique@naderlawgroup.com
   - Joel A Osman    osman@parkermillsllp.com, gonzalez@parkermillsllp.com
   - Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
   - Brian A Paino    bpaino@mcglinchey.com, asifuentes@mcglinchey.com;khan@mcglinchey.com
   - Michael F Perlis    mperlis@lockelord.com, merickson@lockelord.com;jhagey@lockelord.com;RRJohnson@lockelord.com;bmungaray@lockelord.com
   - Michael F Perlis    , merickson@lockelord.com;jhagey@lockelord.com;RRJohnson@lockelord.com;bmungaray@lockelord.com
   - Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
   - Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com
   - Damion Robinson    dr@agzlaw.com
   - Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
   - Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
   - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
   - Gary R Wallace    garyrwallace@ymail.com
   - Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:323651.2 51414/002