# EXHIBIT Y

WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Attorneys for Wellgen Standard, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:18-bk-15829-NB |
| PHILIP JAMES LAYFIELD, | Chapter 7 |
| Debtor. | **WELLGEN STANDARD, LLC'S MOTION FOR ORDER APPOINTING AN INTERIM TRUSTEE UNDER 11 U.S.C. § 303(G); AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [DECLARATION OF JEFFREY I. GOLDEN FILED CONCURRENTLY] |
| | [APPLICATION FOR ORDER SHORTENING TIME FILED CONCURRENTLY] |
| | Date: [To be Determined]<br>Time: [To be Determined]<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

1  **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY**
2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE ALLEGED**
3  **DEBTOR, AND PARTIES IN INTEREST:**
4      **PLEASE TAKE NOTICE** that Wellgen Standard, LLC ("Wellgen") will and
5  hereby does move for entry of an order pursuant to 11 U.S.C. § 303(g) directing the
6  United States Trustee to appoint an Interim Trustee, under 11 U.S.C. § 701 to preserve
7  property of the estate and to prevent loss to the estate of the alleged Debtor, Mr. Philip
8  James Layfield ("Mr. Layfield").  As set forth more fully in the Memorandum of Points
9  and Authorities, appointment of an Interim Trustee is necessary to ensure that the
10 interests of all Mr. Layfield's creditors are fully protected and that the assets of Mr.
11 Layfield are not further concealed, transferred and/or wasted.
12     This Motion is based on this Motion, the attached Memorandum of Points and
13 Authorities, the records attached to the Declaration of Jeffrey I. Golden and
14 corresponding attached exhibits filed concurrently herewith (the "Golden Decl."), all
15 pleadings and papers on file in this matter, and such further briefing as may be filed and
16 any oral argument that may be made at the hearing on this Motion.

# **TABLE OF CONTENTS**

**Page**

I. JURISDICTION AND VENUE ...................................................................................1

II. BACKGROUND ........................................................................................................1

    A.   Wellgen's Judgment............................................................................................1

    B.   L&B Bankruptcy ................................................................................................2

    C.   Mr. Layfield's Disbarment..................................................................................3

    D.   Mr. Layfield's Criminal Proceeding ...................................................................3

III. RELIEF REQUESTED ..............................................................................................5

IV. ARGUMENT .............................................................................................................5

V. WAIVER OF BOND....................................................................................................7

VI. CONCLUSION ..........................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Alpine Lumber & Nursery*,
   13 B.R. 977 (Bankr. S.D. Cal. 1981) ................................................................................6

*In re Barkats*,
   No. 4-00053, 2014 WL 6461884 (Bankr. D.D.C. Nov. 17, 2014) .....................................6

*In re Diamondhead Casino Corp.*,
   540 B.R. 499 (Bankr. D. Del. 2015) .................................................................................6

*In re DiLorenzo*,
   161 B.R. 752 (Bankr. S.D.N.Y. 1993) ..............................................................................6

*In re James Plaza Joint Venture*,
   62 B.R. 959 (Bankr. S.D. Tex. 1986) ...............................................................................6

*In re Layfield & Barrett, APC*,
   Case No.: 2:17-bk-19548-NB (Bankr. C.D. Cal. 2017) ....................................................1

*Pachulski v. Layfield V, LLC*,
   Adv. Pro. No. 2:18-ap-01050-NB (Bankr. C.D. Cal. 2018) ..............................................4

*In re Reed*,
   11 B.R. 755 (Bankr.S.D.W.Va.1981) ...............................................................................6

*In re Tradex Swiss AG*,
   2007 WL 4374438 (Bankr. D. Mass. Dec. 12, 2007) .......................................................6

*U.S. v. Layfield*,
   Case No. 8:18-mj—6028 (D. N.J. 2018) ..........................................................................4

*U.S. v. Layfield*,
   Case No. Cr.-18-00214 (C.D. Cal. 2018) ....................................................................3, 4

*Wellgen Standard, LLC v. Maximum Legal California, LLP*,
   Adv. Pro. No. 2:17-ap-01503-NB (C.D. Cal. 2017) .........................................................1

**Statutes**

11 U.S.C. § 303(i) ...................................................................................................................7

11 U.S.C. § 303(g) ........................................................................................................1, 2, 5, 6

11 U.S.C. § 701 ...................................................................................................................1, 5

11 U.S.C. § 701(a)(1) ..............................................................................................................6

# **TABLE OF CONTENTS**

**Page**

I. JURISDICTION AND VENUE ...................................................................................1

II. BACKGROUND ..........................................................................................................1

    A.   Wellgen's Judgment.............................................................................................1

    B.   L&B Bankruptcy .................................................................................................2

    C.   Mr. Layfield's Disbarment...................................................................................3

    D.   Mr. Layfield's Criminal Proceeding ....................................................................3

III. RELIEF REQUESTED ................................................................................................5

IV. ARGUMENT ................................................................................................................5

V. WAIVER OF BOND....................................................................................................7

VI. CONCLUSION .............................................................................................................7

Case 2:20-cv-07159-SB Document 21-25 Filed 10/23/20 Page 7 of 18 Page ID #:396
Case 2:18-bk-15829-NB Doc 5 Filed 05/23/18 Entered 05/23/18 16:06:58 Desc
Main Document Page 6 of 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alpine Lumber & Nursery*,
 13 B.R. 977 (Bankr. S.D. Cal. 1981) ...................................................................6

*In re Barkats*,
 No. 4-00053, 2014 WL 6461884 (Bankr. D.D.C. Nov. 17, 2014) ..........................6

*In re Diamondhead Casino Corp.*,
 540 B.R. 499 (Bankr. D. Del. 2015) ....................................................................6

*In re DiLorenzo*,
 161 B.R. 752 (Bankr. S.D.N.Y. 1993) .................................................................6

*In re James Plaza Joint Venture*,
 62 B.R. 959 (Bankr. S.D. Tex. 1986) ..................................................................6

*In re Layfield & Barrett, APC*,
 Case No.: 2:17-bk-19548-NB (Bankr. C.D. Cal. 2017) ......................................1

*Pachulski v. Layfield V, LLC*,
 Adv. Pro. No. 2:18-ap-01050-NB (Bankr. C.D. Cal. 2018) ................................4

*In re Reed*,
 11 B.R. 755 (Bankr.S.D.W.Va.1981) ..................................................................6

*In re Tradex Swiss AG*,
 2007 WL 4374438 (Bankr. D. Mass. Dec. 12, 2007) ..........................................6

*U.S. v. Layfield*,
 Case No. 8:18-mj—6028 (D. N.J. 2018) ............................................................4

*U.S. v. Layfield*,
 Case No. Cr.-18-00214 (C.D. Cal. 2018) ........................................................3, 4

*Wellgen Standard, LLC v. Maximum Legal California, LLP*,
 Adv. Pro. No. 2:17-ap-01503-NB (C.D. Cal. 2017) ...........................................1

**Statutes**

11 U.S.C. § 303(i) .......................................................................................................7

11 U.S.C. § 303(g) ...........................................................................................1, 2, 5, 6

11 U.S.C. § 701 .......................................................................................................1, 5

11 U.S.C. § 701(a)(1) .................................................................................................6

ii

11 U.S.C. § 706(a) ................................................................................................................2

11 U.S.C. § 1112(a) ..............................................................................................................2

28 U.S.C. § 157 ....................................................................................................................1

28 U.S.C. § 1334 ..................................................................................................................1

28 U.S.C § 1408 ...................................................................................................................1

28 U.S.C § 1409 ...................................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 2001 .........................................................................................................1

Fed. R. Bankr. P. 2001(b) .....................................................................................................7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409 because Layfield & Barrett, APC ("L&B") is an affiliate of Mr. Layfield and there is a case concerning L&B in this Court. *In re Layfield & Barrett, APC*, Case No.: 2:17-bk-19548-NB (Bankr. C.D. Cal. 2017) (the "L&B Case"). According to Mr. Layfield, he is the "President and beneficial owner of 100% of [L&B]." (*See* Declaration of Philip Layfield, L&B Case, Docket No. 18, ¶ 1, attached to Golden Decl. as Ex. "1".) The statutory basis for the relief requested is 11 U.S.C. §§ 303(g) and 701 and Rule 2001 of the Federal Rules of Bankruptcy Procedure.

## II. BACKGROUND

### A. Wellgen's Judgment

L&B borrowed money from Advocate Capital, Inc. ("Advocate"), and, in 2016, executed an Amended and Restated Master Loan and Security Agreement, which constitutes an amendment and restatement of prior loan agreements substantially in the same form (collectively, the "Loan Agreement"). (*See* Declaration of Paul Myers, Layfield Action, Docket No. 15, Ex. A, Attached to Golden Decl. as Ex. "2.") Mr. Layfield guaranteed payment and performance of L&B's indebtedness and obligations under the Loan Agreement (the "Obligations"). (*See* id., Ex. B.)

On September 18, 2017, Advocate filed an action against Mr. Layfield in the United States District Court for the Central District of California, Case No. SACV 17-01628 AG (DFM) (the "Layfield Civil Action"). On December 12, 2017, Advocate obtained a judgment against Mr. Layfield in the amount of $4,488,153.80 (the "Layfield Judgment"). (*See* Layfield Civil Action, Docket No. 35, Attached to Golden Decl. as Ex. "3.") Advocate assigned the Layfield Judgment to Wellgen. (*See Wellgen Standard, LLC v. Maximum Legal California, LLP*, Adv. Pro. No. 2:17-ap-01503-NB

1

(C.D. Cal. 2017) (Docket No. 32, Attached to Golden Decl. as Ex. "4.") Advocate is a wholly owned subsidiary of Wellgen.

### B. **L&B Bankruptcy**

On August 3, 2017, an involuntary petition was filed against L&B. (*See* L&B Case, Docket No. 1, Attached to Golden Decl. as Ex. "14.") The petitioning creditors also filed an Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief (the "Trustee Motion") alleging that, among other things, Mr. Layfield had misappropriated client funds and fled to Costa Rica. (*See* L&B Case, Docket No. 3, Attached to Golden Decl. as Ex. "5.") The Trustee Motion was supported by the Declarations of Nellie O. Barnard, Patricia D. Salcedo and Joseph Barrett. (*Id.*)

On August 8, 2017, and in response to the Trustee Motion, L&B filed a Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) (the "Conversion Motion"), seeking to convert the Case to one under Chapter 11 of the Bankruptcy Code. (*See* L&B Case, Docket No. 19, Attached to Golden Decl. as Ex. "6.") Mr. Layfield also filed his own Declaration admitting that he had "relocated" to Costa Rica, that he was responsible for L&B's IOLTA accounts and that the accounting for client funds was a "quagmire." (*See* L&B Case, Docket No. 18, ¶ 47, Attached to Golden Decl. as Ex. "1.") This Court granted the Conversion Motion, and, therefore, denied the Trustee Motion.

On August 16, 2017, Advocate, L&B and the petitioning creditors entered into a Stipulation for the Appointment of a Chapter 11 Trustee, which this Court approved by order on August 17, 2017. (*See* L&B Case, Docket No. 38, Attached to Golden Decl. as Ex. "7.") On August 21, 2017, the United States Trustee (the "UST") filed its Notice of Appointment of Chapter 11 Trustee, appointing Richard M. Pachulski as Chapter 11 Trustee in the L&B Bankr. (*See* L&B Case, Docket No. 51, Attached to Golden Decl. as Ex. "8.") Also, on August 21, 2017, the UST filed an Application for Order Approving Appointment of Chapter 11 Trustee, which application was granted by this

2

1 Court's order entered the following day. (*See* L&B Case, Docket No. 56, Attached to Golden Decl. as Ex. "9.") The L&B Case remains pending in this Court.

### C. Mr. Layfield's Disbarment

On September 26, 2017, the California Bar filed its First Notice of Disciplinary Charges (the "Bar Complaint") alleging that Mr. Layfield had misappropriated more than $3,000,000 in client funds. (*See* Request for Judicial Notice, Ex. "A.") On October 31, 2017, Mr. Layfield filed his response to the Bar Complaint (the "Layfield Response"). (*See* Request for Judicial Notice, Ex. "B.") Mr. Layfield admitted that he and L&B misappropriated client funds, that he, along with Mr. Joseph Barrett and Mr. Todd Wakefield, entered to a fraudulent scheme to transfer L&B's assets to a new firm referred to as Maximum Legal and that he and certain employees of L&B relocated to Costa Rica and set up an office there. (*See* Layfield Response, Ex. 1, attached to RJN as Ex. "B.") According to Mr. Layfield, "an agreement was had between [Mr. Barrett, Mr. Wakefield and Mr. Layfield] to point the finger at [Mr. Layfield] so any state bar issues would be focused on [Mr. Layfield] and [Mr. Barrett and Mr. Wakefield] could continue making money for Maximum Legal" and repay $8,000,000 that [Mr. Barrett and Mr. Wakefield] owed to Mr. Layfield for the purchase of their interests in Maximum Legal. (*Id.*)

On January 24, 2018, Mr. Layfield was disbarred. (*See* Request for Judicial Notice, Ex. "C.")

### D. Mr. Layfield's Criminal Proceeding

On February 23, 2018, a Criminal Complaint was filed against Mr. Layfield in the United States District Court for the Central District of California (the "Criminal Complaint") charging Mr. Layfield with mail fraud arising from Mr. Layfield's misappropriation of more than $2,000,000 in client funds and requesting that Mr. Layfield be arrested. *U.S. v. Layfield*, Case No. Cr.-18-00214 (C.D. Cal. 2018) ("Layfield Criminal Action"). According to the Affidavit of Special Agent Mark E. Speidel, which was filed in support of the Criminal Complaint,

|   |   |
|---|---|
| 1 | LAYFIELD left the United States for Costa Rica in or about June 2017. LAYFIELD returned to the U.S. from Costa Rica in October 2017. He was here for two days before returning to Costa Rica. LAYFIELD again re-entered the United States on February 19, 2018 and is scheduled to depart on February 24, 2018, from Newark airport in New Jersey. |

(*See* L&B Criminal Action, Docket No. 1, at p. 13, note 6, Attached to Golden Decl. as Ex. "10.") Also, according to Mr. Speidel, between August 30, 2016 and February 28, 2017, Mr. Layfield transferred more than $1,000,000 from L&B's accounts to his personal accounts. (*Id*., at pp. 25-26.) On February 26, 2018, Mr. Layfield was arrested at the airport in Newark, New Jersey. (*See U.S. v. Layfield*, Case No. 8:18-mj—6028 (D. N.J. 2018).

In addition to the $1,000,000 referred to in Mr. Speidel's Affidavit, in June 2017, Mr. Layfield diverted $700,000 in loan proceeds from L&B to himself. (*See* L&B Case, Proof of Claim No. 209-1, Exhibit A, Attached to Golden Decl. as Ex. "11.") Also, in April 2017, Mr. Layfield caused L&B to quitclaim two (2) pieces of improved real property to a limited liability company controlled by Mr. Layfield. (*See Pachulski v. Layfield V, LLC*, Adv. Pro. No. 2:18-ap-01050-NB (Bankr. C.D. Cal. 2018) (Docket No. 1, Attached to Golden Decl. as Ex. "12.")

On March 9, 2018, a grand jury indictment was filed against Mr. Layfield in the Layfield Criminal Action (the "<u>Indictment</u>") charging Mr. Layfield with mail fraud and money laundering. (*See* Layfield Criminal Action, Docket No. 6, Attached to Golden Decl. as Ex. "15.") According to the Indictment:

> … defendant LAYFIELD decided to close L&B, sold his property in the United States, and relocated to Costa Rica. In order to accomplish these ends, defendant LAYFIELD took steps to generate as much cash as possible by, among other things: (a) filing unnecessary litigation in order to trigger an increase in attorney's fees due L&B under the Retainer Agreement; (b) settling personal injury cases without advising L&B clients that he had done so; (c) dodging L&B client inquiries about the status of cases and payment of settlement proceeds; (d) delaying the payment of net settlement proceeds due to clients by

4

purporting to take additional steps to preserve client funds, such as creating trusts that were, in fact, unnecessary; (e) converting settlement funds due to L&B and defendant LAYFIELD's clients for his own benefit; and (f) transferring assets to shell entities that defendant caused to be created in order to dodge his creditors. Further to accomplish these ends, defendant LAYFIELD took steps to transfer L&B's and its clients' assets, including net settlement proceeds received and due clients, to bank accounts that defendant LAYFIELD caused to be opened, that were controlled by defendant LAYFIELD, and that defendant LAYFIELD intended would be out of the reach of L&B; its creditors, and its clients.

(*Id*., ¶ 8.) Because he was deemed a flight risk, Mr. Layfield is presently in custody of the U.S. Marshall's service awaiting trial. (*See* Layfield Criminal Action, Docket Nos. 3 and 11, Attached to Golden Decl. as Ex. "14.")

### III.  RELIEF REQUESTED

By this Motion, Wellgen seeks the appointment of an Interim Trustee with all rights and duties under 11 U.S.C. §§ 303(g) and 701. The immediate appointment of an Interim Trustee is necessary to locate and preserve Mr. Layfield's remaining assets and to prevent further concealment or diminution of those assets.

### IV.  ARGUMENT

The statutory predicate for the relief sought is Section 303(g) of the Bankruptcy Code, which authorizes the Court to appoint an interim trustee for the safekeeping of those assets:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor. Before an order for relief, the debtor may regain possession of property in the possession of a trustee ordered appointed under this subsection if the debtor files such bond as the court requires, conditioned on the debtor's accounting for and

5

> delivering to the trustee, if there is an order for relief in the case, such property, or the value, as of the date the debtor regains possession, of such property.

11 U.S.C. § 303(g).[1] In essence, Section 303(g) grants the Court authority to appoint an Interim Trustee during the period between the date of commencement of an involuntary case and the date of any order for relief therein—a period commonly referred to as the "gap" period. *See, e.g., In re James Plaza Joint Venture*, 62 B.R. 959 (Bankr. S.D. Tex. 1986) (appointing an interim trustee in an involuntary chapter 7 petition under the section 303(g) standard); *In re Tradex Swiss AG*, 2007 WL 4374438 (Bankr. D. Mass. Dec. 12, 2007) (same).

Appointment of an Interim Trustee during the "gap" period is available whenever such appointment "would protect and preserve property of the estate . . . [or] prevent concealment, waste or loss of assets by the alleged debtor." *In re DiLorenzo*, 161 B.R. 752, 754 n.8 (Bankr. S.D.N.Y. 1993); *see also In re Diamondhead Casino Corp.*, 540 B.R. 499, 505 (Bankr. D. Del. 2015) (appointment of interim trustee appropriate where there is a "substantial risk of loss to the estate"); *In re Barkats*, No. 4-00053, 2014 WL 6461884, at *2 (Bankr. D.D.C. Nov. 17, 2014) (same); *In re Alpine Lumber & Nursery*, 13 B.R. 977, 979 (Bankr. S.D. Cal. 1981) (appointment of interim trustee appropriate where such appointment would prevent loss to the estate); *In re Reed*, 11 B.R. 755, 757 (Bankr.S.D.W.Va.1981) (appointment of interim trustee appropriate where such appointment would prevent concealment, waste or loss of assets by the alleged debtor).

---

[1] Section 701(a)(1) provides:

> Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 or that is serving as trustee in the case immediately before the order for relief under this chapter to serve as interim trustee in the case.

6

1    In this case, the appointment of an Interim Trustee is necessary and appropriate to locate and preserve the property of the estate, to prevent further concealment and disposition of property of the estate and to prevent loss to the estate during the "gap" period.  Mr. Layfield transferred, or caused to be transferred, *at least* $1,700,000 to his personal accounts and then fled to Costa Rica.  Although Mr. Layfield is in the custody of the U.S. Marshalls, the location of his remaining assets and the person or persons in possession of those assets are unknown, and Mr. Layfield may continue to direct the concealment and disposition of those assets.

Mr. Layfield's prior criminal and fraudulent conduct evidences a clear intent not only to abscond with monies that do not belong to him, but also to conceal and dissipate any assets that do belong to him.  If Mr. Layfield is permitted to continue to control and direct the disposition of his assets, there is likely to be substantial loss to the estate. Without the appointment of an Interim Trustee capable of locating and preserving Mr. Layfield's remaining assets, Mr. Layfield's creditors will likely suffer a substantial loss.

### V.  WAIVER OF BOND

Federal Rule of Bankruptcy Procedure 2001(b) generally requires a bond from the movant in order to appoint an Interim Trustee.  "An interim trustee may not be appointed under this rule unless the movant furnishes a bond in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney's fee, expenses, and damages allowable under § 303(i) of the Code".  However, any bond in this case should be *di minimis* or waived.  A bond is not necessary in this matter because Mr. Layfield has no operating business and is in the custody of the U.S. Marshals.  Alternatively, Wellgen requests that the amount of any bond required by this Court be established after the appointment of an Interim Trustee.

### VI. CONCLUSION

For all the reasons stated herein, the appointment of an Interim Trustee is necessary to preserve Mr. Layfield's remaining assets and protect the interests of Mr.

7

1  Layfield's creditors.  Wellgen respectfully requests that this Court: a) enter an order
2  granting this motion; and b) grant any other such relief as is just and equitable.

Dated:  May 23, 2018                    WEILAND GOLDEN GOODRICH LLP

                              By: /s/ JEFFREY I. GOLDEN
                                  Jeffrey I. Golden
                                  Attorneys for Wellgen Standard, LLC

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **WELLGEN STANDARD, LLC'S MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE UNDER 11 U.S.C. SECTION 303(G); MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 23, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 23, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 23, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Neil Bason, 255 E. Temple Street, Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 23, 2018 | Kelly Adele | *Kelly Adele* (signature) |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
0.0

**VIA U.S. MAIL**
Philip Layfield
#71408050
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA  90078

**VIA OVERNIGHT MAIL**
Philip Layfield
Serial No. 71408-050)
Metropolitan Detention Center
535 N. Alameda Street
Los Angeles, CA  90012

Richard Pachulski, Chapter 11 Trustee
10100 Santa Monica Boulevard, Ste 1300
Los Angeles, CA  90067

Alliance Legal Solutions, LLC
Cheryl Kaufman
Megan Hanley Baer
501 S. Sharon Amity Road
Charlotte, NC  28211


**Electronic Mail Notice List**
Jeffrey I Golden      jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Malhar S Pagay      mpagay@pszjlaw.com, mpagay@pszjlaw.com
United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov