# EXHIBIT FF

**FILED & ENTERED**

**DEC 07 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Philip James Layfield,<br><br><br><br><br>Debtor(s) | Case No.: 2:18-bk-15829-NB<br><br>Chapter: 7<br><br>**ORDER (1) CONTINUING HEARINGS AND (2) MEMORIALIZING TENTATIVE RULINGS**<br><br>Hearing Date:<br>Date: 12/6/18<br>Hour: 10:00 a.m.<br>Place: Courtroom 1545<br>     255 E. Temple Street<br>     Los Angeles, CA 90012 |

     At the time and place set forth above, this Court held a hearing on various matters in three interrelated cases: (a) *In re Layfield & Barrett, APC*, Case No. 2:17-bk-19548-NB ("L&B"); (b) *In re Layfield*, Case No. 2:18-bk-15829-NB ("Lay-Invol."); (c) *In re Maximum Legal (Cal.), LLP*, Case No. 2:17-bk-18433-NB ("Max-CA") (collectively, the "Layfield-Related Cases"). Appearances were as noted on the record.

     Prior to the hearing, this Court posted written tentative rulings. The tentative rulings for the L&B status conference, which addresses all matters that were on for hearing and related issues, is attached hereto and incorporated herein.

At the hearing, this Court adopted, with slight modification, the tentative rulings. Parties who lodge proposed orders are directed to refer to these tentative rulings and incorporate them by reference into their orders.

Additionally, this Court rescheduled multiple hearings, including those set forth below.

It is hereby ORDERED:

1. The Status Conferences in the three Layfield Related Cases are continued to December 18, 2018 at 2:00 p.m.

### 

Date: December 7, 2018

Neil W. Bason
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Thursday, December 6, 2018**                                   **Hearing Room    1545**

---

10:00 AM
**2:17-19548    Layfield & Barrett, APC**                                   **Chapter 11**

    **#5.00**    Cont'd status conference
               fr. 9/18/18, 10/26/18

                         Docket     323

**Tentative Ruling:**

    **Tentative Ruling for 12/6/18:**
    Appearances required

    (1) General matters
          (a) Combined status conferences in the interrelated bankruptcy cases
          This hearing includes Status Conferences in each of the three related
bankruptcy cases before this Court: (a) In re Layfield & Barrett, APC, Case
No. 2:17-bk-19548-NB ("L&B"); (b) In re Layfield, Case No. 2:18-bk-15829-
NB ("Lay-Invol."), (c) In re Maximum Legal (Cal.), LLP, Case No. 2:17-
bk-18433-NB ("Max-CA").
          (b) Review of documents
          This Court has reviewed all filed documents through dkt. 147 in Lay-
Invol., dkt. 376 in L&B, and dkt. 146 in Max-CA. This Court has also reviewed
the records of this Court from prior hearings.
          (c) Pre-Filing Order
          In the tentative ruling for 10/24/18 (reproduced below), this Court laid
out in detail the various defects in Mr. Layfield's papers and this Court's
concern that a pre-filing order is necessary to protect the parties and this
Court from Mr. Layfield's numerous frivolous and defective filings.
          Despite numerous warnings, the tentative finding of fact and
conclusion of law is that Mr. Layfield has continued his pattern of filing
frivolous papers and making frivolous arguments. At the 10/24/18 hearing,
the parties, including Mr. Layfield agreed to a deposition on 11/27/18.
Wellgen also stated that they would likely file a Motion for Summary
Judgment, which was in fact filed on 11/6/18. (Lay-Invol, Dkt. 100). Yet two
weeks later, at 10:51 a.m. on 11/21/18, the day before Thanksgiving and the
second business day before his scheduled deposition, Mr. Layfield emailed
this Court requesting a telephonic hearing to determine whether he should be
required to participate in the deposition. (Lay-Invol. Dkt. 117). Based on the

---

12/6/2018 2:37:59 PM                                   Page 1 of 18

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

Thursday, December 6, 2018                    Hearing Room    1545

10:00 AM
CONT...      **Layfield & Barrett, APC**                    Chapter 11

relevant papers, including Mr. Layfield's emails (dkt. 125) and Wellgen's Response (Dkt. 120), and the arguments presented at the hearing on 11/26/18, this Court rejected Mr. Layfield's arguments against proceeding with his deposition. In this Court's view those arguments were frivolous.

The tentative finding, based on all of the foregoing, is that Mr. Layfield's papers have been filed for improper purposes, including harassing and driving up fees and costs for the trustees and creditors in each of these three cases, and delaying these proceedings. He also may be attempting to create a false image that he is diligently attempting to pursue his (former) clients' interests, although this tentative ruling makes no finding on that issue (because such a finding is unnecessary, and probably would require an evidentiary hearing, which would further delay these proceedings).

The tentative ruling is to issue an order to show cause ("OSC") why this Court should not impose the following pre-filing restrictions. Mr. Layfield will not be eligible to self-calendar any matters (notwithstanding this Court's self-calendar procedures); and his filings may not exceed 20 pages of text and 50 pages of exhibits without an application to this Court. The tentative ruling is to set the OSC for hearing at the same date and time as the continued status conferences (see below).

In addition, at the hearing on the OSC (or with prior notice at any other time), this Court may consider other remedies, either on its own motion or on a motion of a party in interest, under Rule 9011, Section 105, this Court's inherent powers, or any other applicable statute, rule, or doctrine. *See generally* 11 U.S.C. 105(a); Rule 9011 (Fed. R. Bankr. P.); *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *De Long v. Hennessey, et al.*, 912 F.2d 1144 (9th Cir. 1990); *In re Stanwyck*, 450 B.R. 181, 200-08 (Bankr. C.D. Cal. 2011).

(2) Matters on Calendar Today
        (a) Layfield's Motion to Transfer Venue (Lay-Invol. dkt. 93)
        Deny without leave to amend. First, due to lack of proper service because the Motion was filed without a proof of service. Second, for the reasons stated in Wellgen's opposition (dkt. 143). The Motion to Transfer Venue is not timely as required by Fed. R. Bankr. P. 1014 because Mr. Layfield was served with the involuntary petiton on 8/24/18 (dkt 34) and he did not move to transfer venue until 10/19/18 (dkt 93), despite multiple prior filings. Moreover, venue is proper uner 28 U.S.C. 1408(2) due to the pending

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, December 6, 2018**                                              **Hearing Room     1545**

<u>10:00 AM</u>
**CONT...        Layfield & Barrett, APC**                                                        **Chapter 11**

L&B case, which is an affiliate of Mr. Layfield, and the considerations in favor
of any transfer are far outweighed by the considerations in favor of retaining
venue in this Court.
    (b) <u>Wellgen's Motion for Summary Judgment (Lay-Invol, dkt. 100)</u>
        (i) <u>Layfield's Evidentiary Objections (Lay-Invol, dkt. 133)</u>
        Overrule Mr. Layfield's evidentiary objections based on the
arguments presented in Wellgen's reply (dkt 138) and Fed. R. Civ. P. 56(c)
(2). An objection may be lodged if the cited material "cannot be presented in
a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Each
piece of evidence to which Mr. Layfield objects can be presented in an
admissible form because they are all final adjudications, public records, and
other documents that cannot be reasonably questioned. *See, e.g.,* Fed. R.
Evid. 201(b)(2), 803(8)(A)(iii), 807.
        (ii) <u>Request for Judicial Notice (Lay-Invol, dkt. 83)</u>
        Grant based on the above.
        (iii) <u>Motion for Summary Judgment (Lay-Invol, dkt. 100)</u>
        Grant based on the evidence and arguments Wellgen presented
in the Motion for Summary Judgment ("MSJ") (dkt. 100) and its Reply (dkt.
138).
        (iv) <u>Joinder of Petitioning Creditors (Lay-Invol, dkt. 121, 122,</u>
<u>123, 124, 134, 135</u>
        In the alternative, the tentative ruling is that it would be proper to
grant summary judgment and issue the order for relief in Mr. Layfield's
involuntary bankruptcy case, even if he were able to present a bona fide
dispute as to the liability or amount of involuntary petitioning creditor
Wellgen's claim (which he has not done), because of the joinder of at least
one other petitioning creditor. As a preliminary matter, Mr. Layfield's basis to
disputing Wellgen's claim is highly speculative and remote.
        He alleges that he was not present where the process server
swears that he was found and served; assuming that the District Court would
find that he was not actually present (contrary to what the process server
declared), Mr. Layfield presumes that the process server was not simply
mistaken but was engaging in "sewer service"; then he imputes the process
server's alleged misconduct to Wellgen's attorneys or speculates that they
might have been involved because they sent process servers to various
locations where he claims he no longer resided or had business dealings;
then he supposes that any such alleged misconduct by Wellgen's attorneys

12/6/2018 2:37:59 PM                                      Page 3 of 18

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, December 6, 2018**                                    **Hearing Room    1545**

10:00 AM
**CONT...**        **Layfield & Barrett, APC**                                    **Chapter 11**

would be imputed to Wellgen; and then he supposes that not only would
Wellgen's default judgment be vacated but its entire claim would be
disallowed as a sanction against Wellgen.  These suppositions do not create
a bona fide dispute as to liability or amount; but for purposes of argument, the
next portion of this tentative ruling will assume (contrary to the evidence) that
Mr. Layfield could establish a bona fide dispute as to Wellgen's claim.

Even in that scenario, he would have to deal with the fact that
four additional creditors, Mr. Mitchell Middleton, Mr. Art Hosmer, Mr. Bert
Rosenquist, and Mr. Rodney Pimentel, have joined the Involuntary Petition
(dkt. 121, 122, 123, 124, 134, 135).  Mr. Layfield refused to testify as to those
claims based on his Fifth Amendment privilege against self-incrimination at
his deposition (dkt 142), so the tentative ruling is that he cannot establish that
such claims are subject to a bona fide dispute as to liability or amount.

For example, as to Mr. Pimentel, the State Bar Order (dkt. 83 -
Ex. A) ordered Mr. Layfield to pay Mr. Pimentel $742,422.15 in restitution plus
10 percent interest per year from June 20, 2017.  Further, Mr. Layfield
testified that he had not made restitution to Mr. Pimentel.  (Dkt. 142 at p. 133,
Lines 4-15).  Accordingly, Mr. Pimentel's claim is not subject to a bona fide
dispute and would satisfy any deficiency under 11 U.S.C. 303(b) if, for the
sake of argument, this Court were to be persuaded that Wellgen's claim is
subject to bona fide dispute because of Mr. Layfield's theory about how it
allegedly could be disallowed by the District Court.

(c) Layfield's Motion to Dismiss Involuntary Case (Lay-Invol, dkt. 48)
Deny, without leave to amend, based on this Court's ruling on
Wellgen's Motion for Summary Judgment.  The tentative ruling is that there is
no genuine issue of material fact that the petitioning creditors' claims are not
subject to bona fide dispute and aggregate at least $15,755 (under 11 U.S.C.
303(b)(2)) and that Mr. Layfield is not paying his debts as they become due
(under 11. U.S.C. 303(h)(1)).

(d) Layfield's Motion to Convert Case  (Lay-Invol, dkt. 95)
Deny without leave to amend.  First, the motion must be stricken based
on Mr. Layfield's failure to pay the filing fee.

Second, although this Court tentatively ruled at the hearing on
10/24/18 that the right to convert from chapter 7 to chapter 11 might be
absolute - based on differences between chapter 13 (in which a debtor
remains in control to some extent) and chapter 11 (in which that is not
necessarily so) - on further reflection this Court is persuaded that the

12/6/2018 2:37:59 PM                              Page 4 of 18

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Thursday, December 6, 2018**                                          **Hearing Room**    **1545**

---

<u>10:00 AM</u>
**CONT...**        **Layfield & Barrett, APC**                                          **Chapter 11**

possibility of remedial measures in chapter 11 (appointment of a trustee) is
not enough to overcome the potential harms from a debtor who seeks to
convert in bad faith, and therefore the Supreme Court's reasoning applies
equally in both situaitons. *See Marrama v. Citizens Bank of Mass.*, 549 U.S.
365 (2007); *In re Levesque*, 473 B.R. 331 (9th Cir. BAP 2012) (applying
*Marrama* to attempted conversion from chapter 7 to chapter 11).

Based on Mr. Layfield's failure to pay the filing fee, the arguments
presented by Wellgen (dkt 145), and Mr. Layfield's answers in the deposition
(dkt. 142), the tentative ruling is that Mr. Layfield filed the Motion to Convert in
bad faith.  Therefore, that motion should be denied.

Third, even assuming arguendo that Mr. Layfield had an absolute right
to convert his involuntary case to chapter 11 under 11 U.S.C. 706(a), based
on Mr. Layfield's own admissions, the State Bar Order, and the arguments of
Wellgen (dkt 145), the tentative ruling is that this Court would be forced either
(i) to simultaneously appoint a chapter 11 trustee or (ii) to convert the case
immediately back to chapter 7, because Mr. Layfield is not qualified to be a
debtor-in-possession.  Based on the record before this Court, there would be
no practical difference in the administration of the case, and the only effect
would be added delay, expense, and harassment of the trustees and
creditors in these related cases.

For the foregoing reasons, the tentative ruling is that the motion to
convert must be denied, and that such denial must be without leave to
amend.

(e) <u>Motion to Set Aside Default (Pachulski v. Layfield V, LLC et al.)</u>
<u>(L&B, Adv. No. 18-ap-01050-NB, dkt. 27, 28)</u>

Deny based on lack of standing because the Motion to Convert is
denied.  Further, even if the Motion to Convert were granted, the Court would
simultaneously either appoint a chapter 11 trustee or reconvert to chapter 7,
and either way Mr. Layfield would not have standing to set aside the default.

(f) <u>Motion to terminate appointment of L&B trustee (L&B dkt. 349, 350)</u>.
Deny for the reasons set forth in this Court's order setting the 10/24/18
hearing (dkt. 351).

(g) <u>Motion under 11 U.S.C. 362(k) - Michel LeBlanc (Lay-Invol. dkt.</u>
<u>41)</u>.    Deny, due to lack of proper service (*see* Order, dkt. 50, and proof of
service, dkt. 79) (with impermissible "/s/" signature), and for the reasons
stated in the Wellgen's opposition (dkt. 68).  In addition, although Mr. Layfield
asserts that the subject property is exempt, it appears from the docket that he

---

12/6/2018 2:37:59 PM                         Page 5 of 18

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Thursday, December 6, 2018**                                    **Hearing Room**    **1545**

---

10:00 AM

**CONT...**        **Layfield & Barrett, APC**                                    **Chapter 11**

has not filed any bankruptcy Schedule C claiming any property as exempt; and, were he to do so, any party in interest may have objections, so this Court cannot presume that he could claim such exemptions.

(h) Motion under 11 U.S.C. 362(k) - John Jansheki (dkt. 42).

Deny. First, due to lack of proper service. *See* Order, dkt. 51 (pointing out lack of signature); proof of service (dkt. 77) (with impermissible "/s/" signature); Jansheki Opp. (dkt. 72) (pointing out that service on non-bankruptcy attorneys is inadequate); *In re Villar*, 317 B.R. 88 (9th Cir. BAP 2004) (same).

Second, for the reasons stated in the Wellgen's opposition (dkt. 69) and by Mr. Jansheki (dkt. 72). Although Mr. Layfield's reply (dkt. 85) asserts that the subject property is exempt, it appears from the docket that he has not filed any bankruptcy Schedule C claiming any property as exempt; and, were he to do so, any party in interest may have objections, so this Court cannot presume that he could claim such exemptions.

(i) "Special appearance" for the limited purpose of objecting to the employment of Jeffrey Golden's Law Firm and the appointment of an interim trustee (dkt. 37).

Overrule Mr. Layfield's objection, in his "special appearance" (dkt. 37), to the Chapter 7 Trustee's application (dkt. 30) to employ Mr. Golden's law firm, and overrule any objection or request for reconsideration of the appointment of the Trustee, because Mr. Layfield's papers are procedurally deficient (as explained in section "(3)" of the tentative ruling, dkt. 64, Exhibit), and also for the reasons stated in Wellgen's response (dkt. 46).

Note: This Court is not persuaded that any waiver by the Trustee of conflicts would be effective to override any non-compliance with 11 U.S.C. 327. But there is no such non-compliance on the present record. To the contrary, the statute specifically provides that an attorney for a creditor may be employed by the Trustee for limited purposes. *See* 11 U.S.C. 327(a)&(c); *In re Fondiller*, 15 B.R. 890 (9th Cir. BAP 1981). But in the event that any future conflict or potential conflict were to develop, that must be disclosed and the Trustee would need to request re-authorization or termination of the employment.

(j) Motions for Relief from Stay (L&B dkts. 143, 144)

The parties should be prepared to address the status of the sale of the condos, and any other issues appropriate to address at this status conference.

---

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

Thursday, December 6, 2018                                      **Hearing Room    1545**

10:00 AM
**CONT...**      **Layfield & Barrett, APC**                             **Chapter 11**
         (k) Motion for protective order (Lay-Invol, dkt. 54, 55).
         Deny, without leave to amend, for the reasons set forth in this Court's
order setting the 10/24 hearing (dkt.58) and Wellgen's opposition (dkt. 81)
             (l) No leave to amend
         The tentative ruling is that Mr. Layfield has not established that he
could amend any of his motions to cure the deficiencies noted above, so all of
the foregoing denials of his motions should be without leave to amend.  If he
believes he can propose amendments that would cure the deficiencies, he is
directed to address at the hearing how he proposes to do so.

3) Deadlines/dates.  This case was filed as an involuntary chapter 7 on 8/3/17
and converted to chapter 11 on 8/11/17.
             (a) L&B Bar date:  2/5/18 (timely served, L&B dkt. 133, 157)
             (b) L&B Plan/Disclosure Statement*:  TBD.  Do not file or serve until
                 further order of this court.
             (c) Continued status conference:  The tentative ruling is to continue the
                 status conferences in L&B, Max-CA, and Lay-Invol to 12/18/18
                 at 2:00 p.m., with a *brief* status report by the trustees due
                 12/11/18.
             (d) Max-CA Scheduled Matters: The tentative ruling is to reschedule
                 the pending Motion for Order Approving Stipulation and Closing
                 Case (Max-CA dkt. 137) and the Final Fee Application (Max-CA,
                 dkt 131) from 12/18/18 at 11:00 a.m. to 12/18/18 at 2:00 p.m. to
                 be heard concurrently with the continued status conferences.
             *Warning: special procedures apply (*see* order setting initial status
                 conference).

         ***Proposed orders:*** This Court will issue a "Memorialization of Tentative
Rulings" with a copy of these tentative rulings attached, so that they are on
the docket. Within 7 days thereafter, the prevailing parties are directed to
lodge proposed orders via LOU, adopting this Court's oral rulings at the
hearing, based on the tentative rulings, except as modified by this Court's
findings of fact and conclusions of law made on the record at the hearing (as
permitted by Rule 52(a)(1) (incorporated by Rules 7052 and 9014(c), Fed. R.
Bankr. P.).  *See* LBR 9021-1(b)(1)(B).  For purposes of this paragraph, if this
Court adopts the tentative ruling in the LeBlanc matter, Wellgen is considered
the prevailing party (in the absence of any response from Mr. LeBlanc).

12/6/2018 2:37:59 PM                              Page 7 of 18